## No. 20658.

### School District No. Six, Weld County, v. Alfred Watts Grant and Associates, et al.

(399 P.2d 101)

Decided February 8, 1965.     Rehearing denied March 1, 1965.

HUBERT D. WALDO, JR., SOUTHARD & SOUTHARD, for plaintiff in error.

HOUTCHENS, HOUTCHENS & DOOLEY, for defendant in error Hensel Phelps Construction Company.

ZARLENGO, ZARLENGO & SEAVY, A. F. GRECO, for defendant in error Alfred Watts Grant and Associates.

SAMUEL S. TELEP, for defendant in error E. H. Horton Plumbing and Heating Company.

*In Department.*

Opinion by MR. JUSTICE MCWILLIAMS.

THE School District brought an action for damages against one Grant, the architect, the Phelps Construction Company, the general contractor, and one Horton, the plumbing and heating contractor, alleging in its complaint that the defendants and each of them were negligent in the design and construction of the heating system in an elementary school which had been designed and built by the defendants for the School District, and in connection therewith it was further alleged that defendants and each of them breached an implied warranty of fitness.

Grant, the architect, filed a motion to dismiss the complaint on the ground that it failed to state a claim upon

which relief could be granted and for the further reason that the School District "failed to perform the conditions precedent to the commencement of this action," contending that the written contract between the School District and Grant provided that "all questions in dispute under this agreement shall be submitted to arbitration at the choice of either party . . . ." In this same motion Grant declared that he "has chosen to submit all questions in dispute . . . . to arbitration and has so notified the plaintiff in writing."

Phelps also responded to the aforementioned complaint with a motion to dismiss for failure to state a claim upon which relief could be granted and in the alternative sought a summary judgment on the ground that there was no genuine issue of fact, averring that the School District "has failed to perform a condition precedent to the commencement of the action" as the written contract between the School District and Phelps required that all disputes between the parties be submitted to arbitration.

Horton too filed a similar motion to dismiss for failure to state a claim upon which any relief could be granted and, like Phelps, alternatively requested a summary judgment in his favor for the reason that the School District had failed to comply with the arbitration clause in the contract between the parties, all of which was claimed to be a condition precedent to the commencement of any action.

Upon hearing of these several motions the trial court granted the same and dismissed the complaint of the School District as to all defendants on the ground that the complaint failed to state a claim upon which any relief could be granted. By this writ of error the School District now seeks a reversal of the judgment dismissing its complaint.

■■ The action of the trial court in dismissing the complaint of the School District for failure to state a

claim upon which relief could be granted is erroneous for the reason that the complaint *does* state a claim upon which relief could be granted. The complaint, in essence, states that the School District suffered damage as a result of negligence on the part of the named defendants in the design and construction of the heating system in an elementary school built by them for the School District, and also alleges that the defendants, and each of them, breached an implied warranty that the heating system was fit to do that which it was intended to do, i.e. adequately heat the school building. We deem it unnecessary to belabor the obvious, i.e. damage caused by the negligence of another or damage resulting from the breach by another of an implied warranty as to the fitness, for example, of a heating system is actionable and hence the trial court erred in concluding that the complaint failed to state a claim upon which relief can be granted.

The main issue posed by this writ of error is whether the arbitration clauses in the several contracts between the parties present a matter which can be reached by a "motion to dismiss" or, alternatively, a "motion for summary judgment" and not whether the complaint, as such, states a claim upon which relief can be granted. In our view the matter cannot be resolved on this basis either, and hence the trial court's action in dismissing the complaint was erroneous.

In *Hatfield v. Barnes*, 115 Colo. 30, 168 P.2d 552, we stated that summary judgment as provided for by Rule 56, R.C.P. Colo. is a drastic remedy which is never warranted except on a clear showing that there is no genuine issue as to any material fact, and that it should never be so used as to compel a party to try his case on affidavits with no opportunity to cross-examine the affiants. In the recent case of *O'Herron v. State Farm Mutual*, 156 Colo., 164, 397, P.2d 227, we held that summary judgment was improper where "divergent infer-

ences" could be drawn from facts which would appear to be undisputed or where the inferences which could be drawn from certain depositions permitted "countervailing results."

■ Application of these principles to the instant controversy dictates the definite conclusion that the dismissal of this complaint on any summary judgment basis was equally improper. To demonstrate such, it is necessary to refer to but one of the many contentions here advanced by the School District. The School District argues that even if it be determined that the parties entered into contracts which included a binding agreement to submit all disputes arising thereunder to arbitration and which further required that in the event of any such dispute an award of arbitration was a condition precedent to the institution of an action, the defendants nonetheless by their intervening actions have now waived any right to insist upon arbitration and that each is now estopped to assert the same. Whether the School District upon trial can establish waiver or estoppel only time will tell, but in our view it is quite clear that the issue of waiver or estoppel is one which simply does not lend itself to the easy resolution thereof by summary judgment.

■■ In support of the proposition that an agreement to arbitrate may be waived, see *Fravert v. Fesler,* 11 Colo. App. 387, 53 P. 288, where it was held that by the filing of an answer which went to the merits of the controversy a defendant waived any right to demand arbitration. True, such is not the factual situation now before us, but that is not the only manner in which an agreement to arbitrate may be waived. That an agreement to arbitrate may be waived like any other contractual right, see 3 Am. Jur. p. 887, et seq.; 117 A.L.R. p. 301, et seq.; and 161 A.L.R. p. 1426, et seq. In short, if for no other reason than the inability to thus determine

the issue of waiver or estoppel on a motion to dismiss or, alternatively, for a summary judgment, the trial court committed error in dismissing the complaint.

By resolving this writ of error on the ground that *even if* at one time there was a valid agreement to arbitrate all disputes arising under the several contracts, the issue of waiver of this right to demand arbitration is nonetheless one which cannot be reached by a motion for summary judgment, we do not mean to imply that the several other contentions here advanced by the School District are without merit. Rather, we are not compelled to resolve these matters at this time, which is most fortuitous in view of the fact that because of the paucity of evidentiary matter in the record before us these too do not lend themselves to disposition by the summary judgment route. Some of these other matters are: (1) is there a dispute between the parties which is a "dispute" within the meaning of that word as it is used in the contracts; (2) as concerns Phelps and Horton, is there in the contracts a time limitation of one year within which "disputes" must be arbitrated, or is it only necessary that a defect be discovered within one year after date of final payment and in either event has this time limit expired; and (3) if the time limit has expired is the School District now free to resort to litigation of the type here proposed? Answers to all these questions, as well as the question of waiver and estoppel, are deemed premature as of the moment.

The judgment is therefore reversed and the cause remanded with directions that the complaint heretofore dismissed be reinstated and the defendants, and each of them, be granted opportunity to file an answer, setting up such affirmative defenses as are deemed advisable. If there be affirmative defenses, then the School District should be afforded opportunity to file a reply thereto and the issues as then posed by the pleadings should be

resolved in a manner consonant with the views herein expressed.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.