No. 21199.

HI-VALLEY CONSTRUCTORS, INC., A COLORADO CORPORATION
*v.* HENRY E. HEYSER AND MARIAN S. HEYSER.
(428 P.2d 354)

Decided May 29, 1967.     Rehearing denied June 26, 1967.

1

2

MURRAY, BAKER & WENDELKEN, CHARLES F. BENNETT, for plaintiff in error.

TULLIS, CRAIG, KRUSE, STUMBO & McGINLEY, for defendants in error.

*In Department.*

CHARLES ROSENBAUM* delivered the opinion of the Court.

PLAINTIFF in Error, hereinafter referred to as "Hi-Valley," was defendant in the court below and defendants in error, hereinafter referred to as "the Heysers," were the plaintiffs in the court below.

On May 31, 1960 the parties entered into a "Fixed Fee Agreement," wherein Henry Heyser and his wife, as owners of certain property in Broadmoor, El Paso County, employed Hi-Valley to furnish plans and specifications for, and to supervise the construction of, a residence on property owned by the Heysers and to supervise and administrate the construction of such residence. George Knox, Vice-President and General Manager of Hi-Valley, and Henry Heyser, handled the negotiations. The contract provided for a fixed fee to Hi-Valley of $5,264.52, and further provided:

"In any event any additional work is requested by the owners, not shown or included in the original plans, the same shall be done on the basis of cost and labor and materials, plus the regular 10% fee. Such additional work, or 'Extras,' shall require written authority."

Hi-Valley submitted an estimate sheet for the residence in the amount of $57,909.74.

At the time the contract was signed, a set of specifications was submitted, together with plans showing plot plan, foundation, elevation, mechanical and electrical — but no interior — details of rooms. The plans were not complete and were subsequently developed in a cooperative manner between the parties as the construction progressed.

As work progressed, Hi-Valley would submit detailed drawings of a room to the Heysers and, following the approval of the Heysers, Hi-Valley would work on that room and finish it in accordance with the drawings.

---

*Retired District Judge sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

At the time of the negotiations, Knox stated that his company did not give firm contract on houses because there were always changes, additions and extra expenses, and that these varied from 15 to 40 percent.

Mr. Heyser testified:

"Q. You went into this thing realizing that, like every other cost-plus contract — it would go over a considerable amount?"

"A. Yes, I realized it could but I didn't think it would go over that much."

Mr. Heyser or his wife went to the house practically every day while it was being built and ordered extras and changes from time to time.

He testified that he wanted his wife to have what she wanted and that the finished house, with the exceptions of a few minor details, was practically the house which they wanted.

The Heysers were satisfied with the workmanship as it went along and received monthly statements, which they paid.

The total cost of the residence, to the surprise of both parties, amounted to $79,903.95, which included extras admitted by the Heysers of $5,999.87. Subtracting $5,999.87 from $79,903.95 leaves $73,904.08, exceeding the original estimate of $57,909.74 by $15,994.34.

The trial court found that there was no evidence of fraud and that all materials and labor charged and paid for were used in the construction of the house.

It further found that the excess cost over the original estimate was evidence of mismanagement and of failure of Hi-Valley to supervise the work and correlate the plans in a proper manner.

It also found that Hi-Valley had failed to use good workmanship by reason of the improper application of exterior paint, to the Heysers' damage in the sum of $1,722; and that as a result of poor workmanship and other improper charges and misbillings the Heysers had suffered additional damages in the amount of $867. The

trial court entered judgment in favor of the Heysers for $7,395.80 on the following basis:

| Disallowance of amount paid on account of fixed fee | $4,806.80 |
| Improper paint job | 1,722.00 |
| Other damages | 867.00 |
| Total | $7,395.80 |

Hi-Valley filed a Counterclaim in the amount of $2,257.72 as follows:

| Agreed fixed fee, | $5,264.52 | |
| Amount paid thereon, | 4,806.80 | |
| Balance due on fixed fee | | $ 457.72 |
| 10% of $18,000 in extras | | 1,800.00 |
| Total Counterclaim | | $2,257.72 |

The trial court denied the Counterclaim.

■ Hi-Valley argues estoppel by reason of the fact that the Heysers took possession and all statements were accepted and paid by the Heysers, including the final statement of March 20, 1961, more than two months after the Heysers had taken possession.

We cannot agree with this contention. It would have been folly to have allowed the house to remain unoccupied, or subject to liens, while the parties litigated their differences.

■ The accounts were handled very loosely by both parties. There was never any written authority signed for changes or extras, although both parties knew that such additional work and materials would cost more money.

In our opinion, both parties by their actions and conduct waived the provisions of the contract requiring written authority. *Crowley v. U.S. Fidelity & Guaranty Co.*, 29 Wash. 268, 69 P. 784.

In the early part of January, 1961, both parties realized that the costs exceeded the estimate by a large amount.

■ We have reviewed the entire record, and we are of the opinion that the trial court erred in finding

that, by reason of the excess of total cost over the original cost estimate, Hi-Valley was guilty of such mismanagement, negligence or lack of supervision as to warrant the disallowance of its fee. The full amount of work and materials which the Heysers wanted went into the house at Hi-Valley's cost and the Heysers received the full benefit thereof.

Hi-Valley, under the contract, is entitled to ten per cent (10%) of the undisputed extras, which 10% amounts to $599.98. In our opinion, Hi-Valley was entitled to judgment on its Counterclaim in the sum of $1,057.70, represented by $457.72 balance due on its fixed fee plus $599.98 for agreed extras.

■ The evidence supports the findings of the trial court that there were repairs and misbillings to the Heysers' damage in the amount of $867.

■ With respect to the improper paint job, the cost of painting the outside of the house charged to the Heysers was $1,542. The trial court allowed the Heysers $1,722, estimated cost of repainting the house as of October, 1963. Since the Heysers were obligated to, and did, pay the actual cost, we hold that the Heysers' damage, by reason of defective painting, is $1,542 instead of $1,722.

We therefore hold that the Heysers were entitled to damages for repairs, misbilling and repainting in the total sum of $2,409 ($867 plus $1,542) and that Hi-Valley is entitled to a credit thereon by reason of its Counterclaim in the sum of $1,057.70 ($457.72 plus $599.98).

The judgment of the trial court in favor of the Heysers for the amount of $7,395.80 is therefore reversed and the trial court is ordered, in lieu thereof, to enter judgment in favor of the Heysers for $1,351.30 plus costs and interest.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE KELLEY, and MR. JUSTICE HODGES concur.