No. 23849.

HUNTER V. PRITCHARD *v*. JAMES W. TEMPLE.
(452 P.2d 881)

Decided April 1, 1969.

HUNTER, HOPKINS & WISE, ALEXANDER M. HUNTER, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

BY this writ of error Hunter V. Pritchard, hereinafter referred to as the defendant, seeks reversal of a summary judgment entered against him in the amount of $7,500. The defendant contends that the motion for summary judgment filed by James W. Temple, hereinafter referred to as the plaintiff, was improperly granted by the trial court for the reason that there were genuine issues as to several material facts and that the plaintiff was therefore not entitled to judgment as a matter of law. We agree.

In his complaint the plaintiff alleged that he and the defendant on April 22, 1966 entered into an oral contract whereby he agreed to convey to the defendant certain real property and the defendant in return agreed to pay plaintiff the sum of $7,500. Plaintiff then went on to allege that he had conveyed the real property here in question to the defendant but that the defendant had failed to pay him the agreed purchase price for the property, namely, the sum of $7,500.

By answer the defendant averred, among other things, that the "consideration for the land conveyed is not

yet due" and that he had *not* agreed to pay for the land "in cash."

In support of the motion for summary judgment there was filed an affidavit of the plaintiff, and the deposition of the defendant. In opposition thereto the defendant filed an affidavit of his own. From these two affidavits, as well as from the deposition, it becomes clear that the defendant agreed to pay for the land conveyed to him with a stamp collection, and not cash, the plaintiff averring though that the stamps were to be delivered within 3½ months of the date of their contract. Also, according to the plaintiff this stamp collection was to have a *cash* value of $7,500.

However, according to the defendant, the stamp collection was to have a *catalogue* value — not a cash value — of $7,500 and a stamp collection having a *catalogue* value of $7,500 was said to have a *cash* value of considerably less than $7,500. Furthermore, the defendant in his affidavit declared that "no time was agreed upon for the conveyance of the stamps" and that both he and the plaintiff understood that he would be entitled to a reasonable time to catalogue and deliver the stamps and that as of the time of his affidavit he was prepared to convey to the plaintiff the stamp collection within two months thereafter.

It was in this setting that the trial court granted plaintiff's motion for summary judgment and entered judgment for the plaintiff and against the defendant in the sum of $7,500.

■ R.C.P. Colo. 56 authorizes the forthwith entry of judgment "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. . . ." In our view the pleadings, deposition and affidavits in the instant case show quite clearly that there were genuine issues as to several material facts. Some, but not necessarily all, of the genuine issues of material facts presented by the instant case are: (1) Did the contract between

558

the parties specify the time within which the defendant was required to deliver the stamp collection? (2) If not, was the defendant given a reasonable time to perform? (3) What, under the circumstances, would constitute a reasonable time? (4) Was the stamp collection to have a *cash* value of $7,500 or only a *catalogue* value of $7,500? and (5) If the latter, what is the *cash* value of a stamp collection having a *catalogue* value of $7,500?

■ Under the circumstances which have been summarized above, the trial court in our considered view acted precipitously in granting the plaintiff's motion for summary judgment, as there were genuine issues as to several material facts. See *Boyd v. Broyles*, 163 Colo. 451, 431 P.2d 484 and *School District v. Grant*, 156 Colo. 328, 399 P.2d 101.

The judgment is reversed and the cause remanded for further proceedings.