**No. C-524**

**Clois H. Guthrie, D.O. v. Philip Barda and Sylvia Barda**
(533 P.2d 487)

Decided March 24, 1975.

Hoffman, McDermott & Hoffman, Gerald P. McDermott, for petitioner.

Feldman & Homyak, Michael R. Homyak, for respondents.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Philip and Sylvia Barda brought a medical malpractice action alleging, *inter alia,* that Guthrie negligently failed to advise Philip Barda, his patient, of the consequences of certain surgery. The complaint contained a request for trial by jury on all issues.

Guthrie filed a motion to dismiss for lack of jurisdiction over the subject matter, C.R.C.P. 12(b)(1), and for failure to state a claim upon which relief can be granted, C.R.C.P. 12(b)(5). His motions were based on an arbitration agreement signed by Philip Barda, which stated:

"In the event of any controversy between the PATIENT or a dependent . . . and the ATTENDING PHYSICIAN (including its agents and employees), involving in a claim in tort or contractual, the same shall be submitted to binding arbitration."

The trial court, pursuant to C.R.C.P. 12(d), conducted a hearing on the motions. There, the plaintiffs introduced several wit-

nesses in an attempt to show that Philip Barda was unable to read and understand English, that in signing the form containing the arbitration provision he was unaware of its contents, that he did not give a valid consent to the arbitration provision, and that the arbitration clause was therefore invalid.

The court upheld the validity of the arbitration provision finding that Barda had sufficient knowledge of the English language to understand the arbitration agreement, and that he was assisted in his understanding by Sylvia Barda, his wife, who "speaks the English language with clarity and facility." Having determined that the arbitration agreement was valid, the court granted the defendant's motion to dismiss for lack of jurisdiction over the subject matter of the action.

The Court of Appeals, 34 Colo. App. 1, 523 P.2d 155, reversed, holding that the assertion of the obligation to arbitrate is an affirmative defense; and that, therefore, when the judge considered matters outside of the pleadings in conjunction therewith, the defendant's motion to dismiss became a motion for summary judgment. Since the question of whether Barda gave a valid consent to the arbitration agreement involved a disputed question of fact, the Court of Appeals held that the matter should have been resolved by the jury at trial. We granted a writ of certiorari and for the reasons set forth herein, we reverse the decision of the Court of Appeals.

In *Zahn v. District Court,* 169 Colo. 405, 457 P.2d 387, we held that an arbitration clause requires "submission of the disputed matters . . . to a board of arbitration as a condition precedent to plaintiff's *right to proceed* against defendants on their claim of breach of contract." 457 P.2d at 388 (emphasis added). Consequently, if the arbitration clause was valid, the trial court lacked jurisdiction to proceed in this matter since the matter has not yet been submitted to a board of arbitration.

The only question, therefore, is whether the trial judge should have determined the disputed issues of fact with regard to the agreement, or whether he should have reserved them for determination by the jury at the trial upon the merits. Here a determination of certain disputed issues of fact was necessary in order to ascertain whether the arbitration clause was valid, and hence, whether the court had jurisdiction to proceed. Whether a

court has jurisdiction to proceed is a matter to be determined by the court, and when findings of jurisdictional facts are required, these findings must be made by the court prior to trial. C.R.C.P. 12(d); *Treadwell v. District Court,* 133 Colo. 520, 297 P.2d 891; *Williams v. Minnesota Mining & Manufacturing,* 14 F.R.D. 1 (S.D. Calif. 1953); *Dolese v. Tollett,* 162 Okla. 158, 19 P.2d 570; *D. B. Bridges v. Wyandotte Worsted Co.,* 243 S.C. 1, 132 S.E.2d 18. The trial court, having found that the agreement to arbitrate was valid and that there had been no arbitration, correctly dismissed the case. *See Dominion Insurance Company Limited v. Hart,* 178 Colo. 451, 498 P.2d 1138.

The judgment of the Court of Appeals is reversed and the cause remanded with directions to reinstate the trial court's judgment dismissing the respondent's complaint.

MR. JUSTICE DAY does not participate.