**No. C-827**

**Thomas Wells and Associates v. Cardinal Properties, Inc., a Texas corporation; Mid-Continent Life Insurance Company, an Oklahoma corporation; and Joseph F. Gordon and Goldie A. Brown as Public Trustee of Gunnison County**

(557 P.2d 396)

Decided December 6, 1976.

Dwight K. Shellman, Jr., & Associates, P.C., Dwight K. Shellman, Jr., for petitioner.

Klingsmith, Russell, Angelo & Wright, P.C., Harrison F. Russell, Robert E. Wright, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

We granted certiorari to review the dismissal of a civil action and the termination of rights guaranteed by a mechanic's lien. The court of appeals affirmed the trial court's judgment dismissing the civil action and the mechanic's lien. *Thomas Wells & Associates v. Cardinal Properties, Inc.*, 37 Colo. App. 1, 543 P.2d 1275 (1975). We reverse and remand to the court of appeals with directions that the case be remanded to the district court for a hearing and a factual determination on the waiver issue.

Both the trial court and the court of appeals dismissed the petitioner's claim for relief for architectural fees because of the petitioner's failure to arbitrate. The petitioner asserts that the arbitration requirements of the contract were waived by the parties and that the trial court dismissed the petitioner's complaint without a hearing on the factual issues. The petitioner was entitled to a hearing, including an opportunity to present evidence to sustain the claim of waiver. For that reason, we reverse.

Cardinal Properties, Inc. (herinafter Cardinal) obtained a parcel of real estate from the Mid-Continent Life Insurance Company (hereinafter Mid-Continent), subject to the redemption of certain security and ownership interests. Thereafter, Cardinal entered into a standard American Institute of Architects contract to secure plans for the construction of condominiums. Cardinal went bankrupt. Mid-Continent obtained the rights of Cardinal by assignment. Extended litigation preceded dismissal, and dismissal occurred on the morning of trial when Mid-Continent asserted that failure to arbitrate defeated the plaintiff's claim. Five different complaints were filed which were the subject of complex answers and counterclaims. Wells claimed that the arbitration requirements of the contract had been waived, but was not granted a hearing on the issue of waiver. The trial court granted Mid-Continent's motion for summary judgment or to dismiss, holding that Mid-Continent had standing to assert the defense of failure to arbitrate and that Mid-Continent had not waived that defense. In granting Mid-Continent's motion, the trial court refused to consider evidence or to grant a hearing to determine whether waiver or estoppel would foreclose dismissal for failure to arbitrate.

### Standing

The court of appeals relied on *Wigton v. McKinley*, 122 Colo. 14, 221 P.2d 383 (1950), for the proposition that "a plaintiff may not assert, for the purposes of Mid-Continent's motion to dismiss, a position inconsistent with, and destructive of, its theory of the case." From the pleadings and the record before us, we are unable to determine if the

application of the rule in *Wigton v. McKinley, supra*, was appropriate in this case. Accordingly, the issue is not ripe for review, and we do not reach it here.[1]

Waiver

■ The court of appeals stated that the only ground urged by plaintiff at the hearing and on appeal to support a waiver was Mid-Continent's prior participation in the litigation without raising the arbitration clause in defense. Our review of the record indicates that at the hearing on the motion to dismiss, counsel for the plaintiff made an offer of proof regarding certain conversations between agents for Mid-Continent and Wells which, if fulfilled, would conceivably form a factual basis for a finding of waiver or estoppel.

As we said in *Guthrie v. Barda*, 188 Colo. 124, 533 P.2d 487 (1975): "[A] determination of certain disputed issues of fact was necessary in order to ascertain whether the arbitration clause was valid . . . . [W]hen findings of jurisdictional facts are required, these findings must be made by the court prior to trial. C.R.C.P. 12(d); Treadwell v. District Court, 133 Colo. 520, 297 P.2d 891; Williams v. Minnesota Mining & Manufacturing, 14 F.R.D. 1 (S.D. Calif. 1953); Dolese v. Tollett, 162 Okla. 158, 19 P.2d 570; Bridges v. Wyandotte Worsted Co., 243 S.C. 1, 132 S.E.2d 18. . . ."

Accordingly, we reverse and remand for proceedings not inconsistent with this opinion.

■

---

[1] In *Wigton v. McKinley, supra*, the inconsistency in issue was contained in a tendered amendment to the answer. The court, in effect, construed the initial pleading as a judicial admission. *See, e.g., Jones v. Hopper*, 410 F.2d 1323 (10th Cir. 1969), *cert. denied*, 397 U.S. 991, 90 S.Ct. 1111, 25 L.Ed.2d 399 (1970); *Dodge v. Chambers*, 43 Colo. 366, 96 P. 178 (1908); *Skeens v. Kroh*, 30 Colo.App. 88, 489 P.2d 347 (1971). Viewing the complaint in this case in the light most favorable to the plaintiff, *see Spomer v. City of Grand Junction*, 144 Colo. 207, 355 P.2d 960 (1960), the complaint *alone* does not preclude entertainment of a theory of recovery in which the defendant may be liable on the contract on some theory of adoption or ratification. A hearing will establish whether the arbitration defense is available as a shield to prevent prosecution of the plaintiff's claim. Resolution of such issues properly awaits development of the facts before the trial court. *See generally*, 2A *Moore's Federal Practice* ¶ 8.32 (1975 and Supp. 1976) (authorities cited); 5 *Wright & Miller, Federal Practice and Procedure* § 1283 (1969 and Supp. 1976) (authorities cited) ("a party may plead inconsistently, subject only to the limits of good faith and honesty set forth in Rule 11.").