592 P.2d 12 (1978)
CORDILLERA CORPORATION, a Utah Corporation, Plaintiff-Appellee,
v.
John W. HEARD, Defendant-Appellant.
No. 78-576.
Colorado Court of Appeals, Division III.
November 30, 1978.
Rehearing Denied December 28, 1978.
Certiorari Granted March 19, 1979.
*13 Mason, Reuler & Peek, P.C., Maurice Reuler, Rosanne M. Hall, Denver, for plaintiff-appellee.
Sanford B. Hertz, P.C., Robert M. Bearman, Denver, for defendant-appellant.
VanCISE, Judge.
In November 1976 plaintiff, as landlord, commenced this action against defendant, as tenant, for unpaid rent, taxes, insurance, attorney fees, and interest due under a lease, a copy of which was attached to the complaint. In December defendant answered, denying liability and asserting various affirmative defenses. Plaintiff moved for summary judgment, and the motion was denied. In March 1977, plaintiff amended its complaint, adding additional claims for unpaid rent and taxes, and defendant filed an amended answer. The case was then set to be tried in November 1978.
In March 1978, plaintiff, through new counsel, filed a motion in which it pointed out that the lease provided that the landlord and tenant would submit "all controversies, claims, and matters of difference to arbitration according to the rules and practices of the American Arbitration Association." It further noted that plaintiff had not proceeded by way of arbitration, and that defendant had not raised the necessity of arbitration as a condition precedent to litigation or as an affirmative defense. The court was requested to determine whether it had jurisdiction to hear this matter and, if not, to determine affirmatively that the right to arbitration had not been waived and that arbitration was required. After a hearing, the court held that it had no jurisdiction because of the mandatory arbitration provision in the lease. Defendant appeals, and we reverse.

I
Relying on Colorado Real Estate & Development, Inc. v. Sternberg, 164 Colo. 184, 433 P.2d 341 (1967), defendant first contends that arbitration was not a condition precedent to legal action in the case before us. In Sternberg the Court held that a contract provision requiring arbitration of "disputes" is inapplicable "where the question involved is merely an obligation to pay a liquidated sum of money." In the present case, however, the contract required arbitration of "controversies, claims and matters of difference." Without deciding whether plaintiff here seeks payment of a liquidated sum, we find that the disagreement was a "controversy, claim, and matter of difference," and was thus arbitrable under the parties' contract.

II
A valid and unwaived arbitration clause deprives the court of jurisdiction until the dispute has been submitted to arbitration. See Guthrie v. Barda, 188 Colo. 124, 533 P.2d 487 (1975); Zahn v. District Court, 169 Colo. 405, 457 P.2d 387 (1969). Here, however, the issue is whether, as contended by defendant, the arbitration clause has been waived. See Thomas Wells & Associates v. Cardinal Properties, Inc., Colo., 557 P.2d 396 (1976).
Although the public policy of this state favors arbitration and, conversely, waivers of arbitration are disfavored, Dominion Insurance Co. v. Hart, 178 Colo. 451, 498 P.2d 1138 (1972), the right to arbitrate "may be waived like any other contractual right." School District No. Six v. Alfred Watts Grant & Associates, 156 Colo. 328, 399 P.2d 101 (1965). To be valid, the waiver must be a voluntary relinquishment of a known right. People ex rel. Metzger v. Watrous, 121 Colo. 282, 215 P.2d 344 (1950); French v. Patriotic Insurance Co., 107 Colo. 275, 111 P.2d 893 (1941).
The trial court found that there had been no waiver because "there was [no] unequivocal intent and agreement by the parties to disregard the arbitration clause." Ordinarily the determination of waiver is a question of fact for the trial court, which a reviewing court is not at liberty to ignore. See Little Thompson Water Ass'n v. Strawn, 171 Colo. 295, 466 P.2d 915 (1970). However, where, as here, the facts are undisputed, the waiver issue becomes a matter *14 of law and we are not bound by the trial court's finding. See Weed v. Monfort Feed Lots, Inc., 156 Colo. 577, 402 P.2d 177 (1965).
The only facts before the court were the pleadings and the statement of plaintiff in its motion filed by its new counsel that it "recently came to plaintiff's attention" that there was an arbitration clause and that it did not "know whether arbitration had been waived by the parties by their participation in the lawsuit." It now argues that there was no waiver because the right to arbitrate was not intentionally or knowingly waived.
As to knowledge of the arbitration clause, the plaintiff is presumed to know the contents of a contract signed by it. Rasmussen v. Freehling, 159 Colo. 414, 412 P.2d 217 (1966). In addition, C.R.C.P. 11 provides that:
"The signature of an attorney constitutes a certificate by him that he has read the pleading . . .." (emphasis supplied)
In this case, the full text of the lease was incorporated into plaintiff's complaint, and the complaint was signed by plaintiff's then attorney. We therefore assume that, prior to filing the action, the attorney had read the lease, was aware of the arbitration provision it contained, and proceeded to litigation with full knowledge of the implications thereof.
Plaintiff also asserts that there could be no waiver because the lease provided that any modifications must be in writing. However, a written contract may be modified by oral agreement between the parties. Arkansas Valley Bank v. Esser, 75 Colo. 110, 224 P. 227 (1924). Thus, a provision requiring that all modifications of a contract be in writing, may itself be waived orally or by conduct of the parties. Hi-Valley v. Heyser, 163 Colo. 1, 428 P.2d 354 (1967); 6 A. Corbin, Contracts § 1295.
The choice of litigation tactics, including waivers, lies within the scope of an attorney's implied authority, and with regard to such matters the client is bound by his attorney's actions. Schleiger v. Schleiger, 137 Colo. 279, 324 P.2d 370 (1958). Plaintiff's filing of the complaint constituted an offer to waive both the arbitration clause and the requirement that modifications be in writing. See Fravert v. Fesler, 11 Colo.App. 387, 53 P. 288 (1898); Titan Enterprises, Inc. v. Armo Construction, Inc., 32 Cal.App.3d 828, 108 Cal.Rptr. 456 (1973). When defendant filed his answer without demanding arbitration, he accepted plaintiff's offer and the contract provisions were thereby waived. Fravert v. Fesler, supra.
The judgment is reversed, and the cause is remanded with directions to reinstate the complaint as amended and the answer and for further proceedings.
PIERCE and RULAND, JJ., concur.