No. 79SA163

**John Burrows and Gary Lavoie v. The Honorable Richard D. Greene, Judge and The District Court in and for the County of Arapahoe and State of Colorado**

(599 P.2d 258)

Decided July 9, 1979.

Coplan and Lichtenfels, J. Reid Lichtenfels, for petitioners.

Philip A. Rouse, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an original proceeding in which the petitioner sought a writ of prohibition against the respondent judge and respondent court. We issued

a rule to show cause why the relief requested should not be granted, and issued a stay of proceedings. We now make the rule absolute.

The petitioner Burrows was in the state of California. He was the apparent owner of the real property involved. The petitioner Lavoie was an employee of Burrows. The Automatic Laundry Company ("Laundry") claims to be the lessee of the real property.

Laundry brought an action in the Arapahoe County District Court against Burrows and Lavoie, relating to possession of the property under Laundry's lease. On March 30, 1979 Laundry filed an amended complaint in the action, alleging forcible entry and detainer and requesting a judgment for possession of the property and for damages. On the same day a summons was issued commanding Burrows and Lavoie to appear in court at 9:00 a.m. on Monday, April 9, 1979.

Service of process in the action had been made upon Lavoie, individually and as "agent for John R. Burrows." Counsel for Burrows claims that he prepared a motion to quash service upon Burrows for the reason that the attempted service upon Burrows was void, and also prepared a notice of a hearing of such motion to be held on April 9th at 9:00 a.m. Counsel states that he handed copies of the motion and notice to Laundry's attorney on April 6th (which is denied) and, it being after office hours, the same day he mailed the originals to the clerk of the court.

The respective attorneys appeared before the respondent judge at 9:00 a.m. on April 9th. By that time the clerk of the court had not yet received the motion and notice. Burrows' counsel attempted to have a hearing on the motion to quash.

The petition filed here states:

"The Court Hon. Richard D. Greene, refused to hear Defendants' Motion to Quash Service of Process orally stating that same was not timely filed in that only copies were available and that the local Court rules required that an original typed copy be filed with the Court. The Court made no findings with respect to jurisdiction over the parties, and proceeded to conduct a hearing relating to the rights of the Plaintiff to possession of the premises described in the complaint. Counsel then advised the Court that he would be authorized to enter a general appearance on behalf of both Defendants, if the Court would allow him to file an answer prior to 4:00 p.m. on the 9th day of April, 1979, and would set a hearing date within a five (5) day period provided for in 13-40-114 CRS 1973 as amended. The Court refused to allow counsel to file such an answer and held that the issue of possession must be tried on the day of return."

In the answer filed by the respondents, these statements have not been denied.

Respondents have tendered a partial transcript of the proceedings. This discloses that counsel for Burrows then stated:

"Your Honor, in that case, then, I am willing and I would — I have already set forth the bases for the motion — I am willing to enter my general appearance on behalf of both defendants."

The court's minutes for April 9th state:

"J. R. Leichtenfels [sic] appearing specially for defendant Burrows and generally for defendant Lavoie. Court will not hear Motion to Quash insomuch as same is untimely filed. Based upon Court's ruling Mr. Leichtenfels [sic] enters generally on behalf of both defendants. Matter proceeds today on issue of possession. Gerald E. Brown, salesman for plaintiff company, sworn. Plaintiff's Exhibits A, B, C, D, E and F received. Defendant Lavoie sworn. Defendant moves to dismiss as to defendant Lavoie. ORDER, motion to dismiss denied. Plaintiff have right of possession. Writ of restitution shall issue in favor of plaintiff forthwith."

Immediately following this we issued the rule and stayed proceedings.

It is contended on behalf of the respondent judge that, since counsel for Burrows participated in the hearing on the merits after stating that he was willing to enter a general appearance, the court "proceeded on the basis of general jurisdiction over all the parties."

Burrows claims that he was not served as provided by C.R.C.P. 4 and section 13-40-112, C.R.S. 1973. This raised the question of whether the court had jurisdiction over the person of Burrows. The appearance at the hearing by counsel for Burrows after indicating the jurisdictional objection, did not constitute a waiver of the jurisdictional defect. C.R.C.P. 12(b). While the court was undoubtedly correct in concluding that it did not have to hear the motion to quash at 9:00 a.m. on April 9, it erred in ordering the writ of restitution to issue prior to determining this jurisdictional question. We direct that, prior to any further proceedings against Burrows, the respondent court conduct a hearing on the motion to quash and make findings supporting its ruling thereon. *Guthrie v. Barda,* 188 Colo. 124, 533 P.2d 487 (1975).

Rule made absolute.

MR. JUSTICE ERICKSON concurs in the result only