**No. 79SC24**

**Cordillera Corporation, a Utah Corporation v. John W. Heard**

(612 P.2d 92)

Decided June 9, 1980.

Mason, Reuler and Peek, P.C., Maurice Reuler, Roseanne M. Hall, for petitioner.

Robert M. Bearman, for respondent.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

We granted certiorari to review a decision of the Court of Appeals [*Cordillera Corporation v. Heard,* 41 Colo. App. 537, 592 P.2d 12 (1978)] holding that by commencing litigation a landlord and tenant waived the mandatory arbitration provision in their lease agreement. We affirm.

. The landlord, petitioner Cordillera Corporation, filed a complaint in Denver District Court on November 24, 1976 for damages from breach of a lease agreement between Cordillera and the tenant, respondent John W. Heard. The lease agreement was incorporated into the complaint. On December 15, 1976, the respondent entered a general denial which included affirmative defenses.[1]

During the course of the litigation, the petitioner filed a motion for summary judgment. Both parties filed extensive briefs, and following a hearing, the trial court denied the motion. Both parties then amended their pleadings, and the respondent requested a jury trial. On March 13, 1978, more than one year after commencement of the litigation, the petitioner retained new counsel and filed a Motion for Determination of Jurisdiction and Availability of Arbitration. The motion was based on the lease's arbitration clause which the petitioner claimed only then to have discovered. The trial court held that the lease's mandatory arbitration provisions controlled, and therefore, the court lacked jurisdiction to hear the case.

On appeal, the Court of Appeals held that an arbitration clause could be waived:

"A valid and unwaived arbitration clause deprives the court of jurisdiction until the dispute has been submitted to arbitration. *See Guthrie v. Barda,* 188 Colo. 124, 533 P.2d 487 (1975); *Zahn v. District Court,* 169 Colo. 405, 457 P.2d 387 (1969). Here, however, the issue is whether, as contended by defendant, the arbitration clause has been waived. *See Thomas Wells & Associates v. Cardinal Properties, Inc.,* 192 Colo. 197, 557 P.2d 396 (1976).

"Although the public policy of this state favors arbitration and, conversely, waivers of arbitration are disfavored, *Dominion Insurance Co. v. Hart,* 178 Colo. 451, 498 P.2d 1138 (1972), the right to arbitrate 'may be waived like any other contractual right.' *School District No. Six v. Alfred Watts Grant & Associates,* 156 Colo. 328, 399 P.2d 101 (1965). To be valid, the waiver must be a voluntary relinquishment of a known right. *People ex rel. Metzger v. Watrous,* 121 Colo. 282, 215 P.2d 344

---

[1] None of the defenses related to the arbitration provision in the lease agreement.

(1950); *French v. Patriotic Insurance Co.,* 107 Colo. 275, 111 P.2d 893 (1941)." *Cordillera Corporation v. Heard,* 41 Colo. App. at 539, 592 P.2d at 13.

In order to hold that the facts here establish waiver, the Court of Appeals reasoned that the petitioner's complaint was an offer to modify the contract, which the respondent accepted by filing an answer. Thus, the arbitration provision of the contract was waived, and the district court could assert jurisdiction.

One of the cases relied upon by the Court of Appeals, *Titan Enterprises, Inc. v. Armo Construction, Inc.,* 32 Cal. App. 3d 828, 108 Cal. Rptr. 456 (1973), has been overruled recently by the California Supreme Court [*Doers v. Golden Gate Bridge, Highway and Transportation District,* 23 Cal. 3d 180, 588 P.2d 1261, 151 Cal. Rptr. 837 (1979)]. In *Titan,* the California Court of Appeals said that by filing suit on a contract without first seeking arbitration, the plaintiff waived his right to arbitration under the contract. In *Doers,* the California Supreme Court found that more than *filing* a lawsuit is necessary if a party is to be deemed to have waived an arbitration right. Relying on a series of federal cases, the court in *Doers* held that a waiver is implied when *litigation* of the dispute prejudices the other party.

The federal cases cited in *Doers* suggest that the federal courts follow a slightly different analysis to determine when an arbitration clause has been waived by the parties. *See, Merrill Lynch, Pierce, Fenner & Smith v. Lecopulos,* 553 F.2d 842 (2d Cir. 1977); *Demsey & Associates v. S.S. Sea Star,* 461 F.2d 1009 (2d Cir. 1972); *Carcich v. Rederi A/B Nordie,* 389 F.2d 692 (2d Cir. 1968); and *Chatham Shipping Co. v. Fertex Steamship Corp.,* 352 F.2d 291 (2d Cir. 1965). Under federal law, a clear expression of waiver is necessary before a court may find the original agreement to arbitrate abandoned. However, instead of relying on a contract analysis such as that used by the Colorado Court of Appeals to find a waiver of the arbitration clause, the federal courts look for actions inconsistent with the arbitration clause. Inconsistent action manifests the intent to waive the arbitration clause. *See United Nuclear Corp. v. General Atomic Co.,* 93 N.M. 105, 597 P.2d 290 (1979).

The federal cases have developed two tests for determining waiver of an arbitration clause. The difference between them depends on the party raising the issue and the stage of the litigation. When the plaintiff in a lawsuit requests invocation of an arbitration clause, such as here, there is no waiver if the only litigious act is the filing of a complaint. *Merrill Lynch, supra; Doers, supra.* But once an answer has been filed on the merits, both parties have acted in a manner not consistent with the arbi-

tration clause and may have waived it. *Merrill Lynch, supra; Chatham, supra.*[2]

The second test is used to determine if there has been a waiver of an arbitration clause by a defendant who originally asserted the right to arbitration as an affirmative defense in his answer. Because the defendant does not have the choice of forum, his exercise of the arbitration right may be delayed somewhat so long as his delay and the proceeding on the merits do not prejudice other parties. *Demsey & Associates, supra,* and *Carcich, supra.*

We look to the federal precedent for the rationale of requiring a trial court to make a factual determination that inconsistent actions of the parties when they pursue litigation manifest the intent of the parties to waive an arbitration clause. An arbitration clause may be waived by actions taken in litigation which are not consistent with an arbitration clause.[3] Here, actions of the petitioner and the respondent were sufficient to waive the mandatory arbitration clause.

Judgment affirmed.

JUSTICE LEE does not participate.

---

[2] Some federal cases use prejudice to other parties to determine whether the plaintiff's actions are inconsistent with the arbitration clause. *See Carolina Throwing Co. v. S & E Novelty Corp.,* 442 F.2d 329 (4th Cir. 1971); *Vespe Contracting Co. v. Anvan Corp.,* 399 F.Supp. 519 (E.D. Pa. 1975); *Commercial Metals Co. v. International Union Marine Corp.,* 294 F.Supp. 570 (S.D.N.Y. 1968). Because we find that petitioner's pursuit of litigation for more than a year was action inconsistent with the arbitration clause, we do not consider whether such a test is appropriate here.

[3] Our opinion in *Thomas Wells and Associates v. Cardinal Properties, Inc.,* 192 Colo. 197, 557 P.2d 396 (1976), is not inconsistent with this approach. In that case the plaintiff argued that there were facts in addition to the conduct of the litigation which indicated waiver. This Court remanded the case to the trial court for a determination of those facts. Here, the only issue is whether the undisputed facts as set out *supra* are sufficient to support waiver.