**Ron CHRISTENSEN, d/b/a C & E Industrial Sales, Plaintiff-Appellant,**

**v.**

**FLAREGAS CORPORATION, a New York corporation, Defendant-Appellee.**

**No. 84CA0855.**

Colorado Court of Appeals, Div. I.

Oct. 31, 1985.

Glenn A. Bergmann, Denver, for plaintiff-appellant.

Cockrell, Quinn & Creighton, Peter J. Wiebe, Jr., Denver, for defendant-appellee.

ENOCH, Chief Judge.

Plaintiff, Ron Christensen, d/b/a C & E Industrial Sales, appeals from entry of judgment dismissing with prejudice his complaint against defendant, Flaregas Corporation. We affirm in part and reverse in part.

On November 1, 1977, plaintiff entered into a sales representation agreement with defendant, a New York corporation that sold industrial equipment. Under the agreement, plaintiff was to be defendant's exclusive representative for sale of defendant's products in Colorado and three other western states. Plaintiff was to receive a percentage of the gross profits on orders sold in his territory. The contract also provided that:

> "Any dispute arising under this agreement shall be settled by binding arbitration in New York State under the rules

of the American Arbitration Association."

In June 1981, defendant terminated the agreement under the terms of the contract.

In July of 1982, plaintiff served defendant with a summons and complaint for commissions due, but because he did not timely file his complaint with the court under C.R. C.P. 3(a), it was dismissed without prejudice. A year later, plaintiff filed this action, alleging that defendant owed commissions of $16,813.62.

Defendant filed a motion to dismiss, on the ground that the court lacked subject matter jurisdiction because of the contract's arbitration clause. Defendant also claimed that the court lacked personal jurisdiction because it was a New York corporation which did not do business in Colorado. The court agreed with both these contentions, dismissed plaintiff's complaint with prejudice, and granted defendant's request for attorney fees, concluding that plaintiff's suit was frivolous, groundless, and vexatious because it was brought in a Colorado state court when arbitration in New York was the agreed remedy.

■ Plaintiff contends that because his claim was for the collection of liquidated commissions, it was not a "dispute" for the purposes of arbitration. We disagree.

A valid arbitration clause deprives a court of jurisdiction until the dispute has been submitted to arbitration. *Cordillera Corp. v. Heard*, 41 Colo.App. 537, 592 P.2d 12 (1978), *aff'd*, 200 Colo. 72, 612 P.2d 92 (1980). Although plaintiff is correct that arbitration is not a condition precedent to an action for a liquidated sum, *Colorado Real Estate & Development, Inc. v. Sternberg*, 164 Colo. 184, 433 P.2d 341 (1967); *Fravert v. Fesler*, 11 Colo.App. 387, 53 P. 288 (1898), here the amount of damages was in dispute.

In response to defendant's motion to dismiss and as evidence of defendant's acknowledgment of commissions owed, plaintiff tendered to the court a memo addressed to plaintiff from defendant. According to this memo, defendant acknowledged commissions due plaintiff of $14,175, approximately $2,600 less than the amount claimed by plaintiff. The memo thus demonstrates, as defendant argues, that there was a dispute as to the amount of commissions owed plaintiff. There being a dispute, the court was correct in determining that it did not have subject matter jurisdiction and that the dispute should have been submitted to arbitration.

■ We find no merit in plaintiff's next contention that defendant waived its right to arbitration when it failed initially to dispute his claim for commissions owed and demand arbitration. There is no evidence that defendant took action inconsistent with its rights to arbitration. *See Cordillera Corp. v. Heard*, 200 Colo. 72, 612 P.2d 92 (1980).

■ Plaintiff also contends that because the contract had been terminated before defendant's request for arbitration, the contract's arbitration clause was no longer in effect. We disagree.

The termination clause provided that "termination shall be without prejudice to the rights and obligations of the parties ... that have vested prior to the effective date of termination ...." Thus, the arbitration clause continued to affect the rights of the parties after termination of the contract.

■ Arbitration is favored by law as a convenient remedy for adjusting disputes, and termination of a contract does not terminate the effect of an arbitration clause when a dispute arises under the contract. *See Ezell v. Rocky Mountain Bean & Elevator Co.*, 76 Colo. 409, 232 P. 980 (1924). Under the facts of this case, the arbitration clause was still applicable even though the contract had been terminated because the claimed commissions concerned transactions which occurred prior to the termination.

■ We agree with plaintiff, however, that filing this suit in the Colorado court rather than commencing arbitration proceedings in New York was not substantially frivolous, groundless, or vexatious, and

thus, attorney fees should not have been granted. *See* § 13–17–102, C.R.S. (1984 Cum.Supp.). The court has jurisdiction to determine whether the arbitration clause is valid and therefore to determine whether arbitration or the courts is the proper forum to bring a suit. *See Guthrie v. Barda,* 188 Colo. 124, 533 P.2d 487 (1975). This was a justiciable issue. Therefore, we reverse the court's award of attorney fees, and also deny defendant's request on appeal for C.A.R. 38(d) sanctions.

Because the court was correct in its finding that it lacked subject matter jurisdiction, we need not address plaintiff's other contentions.

The court's judgment of dismissal of plaintiff's claim with prejudice is affirmed, but its award of defendant's attorney fees is reversed.

SMITH and BABCOCK, JJ., concur.