**MOUNTAIN PLAINS CONSTRUCTORS, INC., a Colorado corporation, Petitioner,**

v.

**Vonne TORREZ and Gilbert Torrez, individually, and d/b/a GT's Lounge, Respondents.**

**No. 88SC487.**

Supreme Court of Colorado, En Banc.

Jan. 29, 1990.

---

Law Offices of Kenneth C. Wolfe, Kenneth C. Wolfe, and Bell & Stirman, P.C., Gregory S. Bell, Fort Collins, for petitioner.

Vonne Torrez, pro se.

Respondent Gilbert Torrez not appearing.

Justice ERICKSON delivered the Opinion of the Court.

The court of appeals, in *Mountain Plains Constructors, Inc. v. Torrez*, No. 86CA1722 (Colo.App. Aug. 11, 1988), reversed the trial court's order denying the respondents', Vonne and Gilbert Torrez (the Torrezes), motion to dismiss and remanded with directions to dismiss. We accepted certiorari to determine whether the court of appeals erred in finding that the Torrezes did not waive a contractual arbitration provision and whether the proper procedure upon remand was to dismiss the case. We find that the court of appeals correctly held that the Torrezes were entitled to arbitration of the dispute, but that the proper remedy on remand is to stay the trial court proceeding pending arbitration. Accordingly, we affirm in part, reverse in part, and return this case to the court of appeals with directions to remand to the trial court with instructions to stay the proceeding pending the conclusion of the arbitration process.

Petitioner Mountain Plains Constructors, Inc. (Mountain Plains) contracted with the Torrezes, pursuant to a standard form agreement between owner and contractor, to construct a building to be used as a lounge.[1] As originally contemplated, the building was to hold five hundred persons. However, due to budgetary limitations, the parties modified the plans to provide for a building with an occupancy of four hundred

---

1. The arbitration clause of the contract provided:

   All claims or disputes arising out of this Contract or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. Notice of the demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association and shall be made within a reasonable time after the dispute has arisen.

persons, and also reduced the capacity of the air conditioning system and the amount of insulation installed. Mountain Plains commenced work under the contract and a certificate of occupancy was issued by the City of Greeley on May 17, 1984. Following the issuance of the certificate of occupancy, the building was completed in June 1984.

In June 1984, a dispute arose between Mountain Plains and the Torrezes concerning payment of the remaining balance due on the contract. Mountain Plains mailed the Torrezes a notice of intent to file a mechanic's lien on June 29, 1984. The Torrezes apparently did not respond to the notice and on October 23, 1984, Mountain Plains filed an action for breach of contract and foreclosure on the mechanic's lien. From the time the dispute arose to the filing of the complaint, the parties negotiated in a fruitless attempt to reach a settlement.

On December 21, 1984, the Torrezes entered an appearance and moved to dismiss on the grounds that the dispute between the parties was subject to arbitration and the court was therefore without jurisdiction to proceed until arbitration was completed.[2] The trial court denied the motion, finding that the contract required the party asserting the right to arbitration to notify the other party and the American Arbitration Association within a reasonable time and that the Torrezes failed to comply with those contractual terms.

When the motion to dismiss was denied, the Torrezes filed an answer asserting, as an affirmative defense, that the trial court lacked jurisdiction over the action because the parties agreed to arbitrate any dispute arising out of the contract. The answer also contained a counterclaim for breach of contract and requested damages in the amount of $38,000. The arbitration issue was also raised by the Torrezes in the trial data certificate. Trial was to the court and judgment was entered in favor of Mountain Plains in the amount of $10,493.41 plus interest and attorney fees. The Torrezes

raised the arbitration issue in a motion for a new trial and that motion was denied.

The Torrezes appealed. The court of appeals reversed the trial court's order denying the motion to dismiss on the grounds that the trial court erroneously placed the burden to initiate arbitration on the Torrezes, and remanded with directions to dismiss the action.

The public policy of this state encourages the resolution of disputes through arbitration. *Ezell v. Rocky Mountain Bean & Elevator Co.*, 76 Colo. 409, 412, 232 P. 680, 681 (1925); *Christensen v. Flaregas Corp.*, 710 P.2d 6, 8 (Colo.App. 1985). A valid and enforceable arbitration provision divests the courts of jurisdiction over all disputes that are to be arbitrated pending the conclusion of arbitration. *Guthrie v. Barda*, 188 Colo. 124, 126, 533 P.2d 487, 488 (1975). Submission of the dispute to arbitration is a condition precedent to the commencement of a suit on an issue covered by an arbitration agreement. *Id.*

In this case, the trial court found that the Torrezes failed to assert their right to arbitration within a reasonable time after the dispute arose, and imposed the burden to initiate arbitration on the Torrezes. The general rule is that the party asserting a claim has the burden to initiate arbitration. *See Gold Coast Mall, Inc. v. Larmar Corp.*, 298 Md. 96, 107, 468 A.2d 91, 98 (1983); *Lane–Tahoe, Inc. v. Kindred Constr. Co.*, 91 Nev. 385, 389, 536 P.2d 491, 494 (1975). Since the Torrezes were not obligated to initiate arbitration, they were not required to notify Mountain Plains and the American Arbitration Association as a condition precedent to asserting their right to arbitration.

Mountain Plains contends that the Torrezes waived their right to arbitration by failing to appeal the trial court's denial of their motion to dismiss and proceeding to final judgment. A denial of a motion to compel arbitration is an appealable order.

---

**2.** The motion to dismiss also sought to compel arbitration as an alternative to dismissal.

Section 13–22–221, 6A C.R.S. (1986).[3] However, since section 13–22–221(1)(a) is permissive and not mandatory, an order denying a motion to compel arbitration may also be appealed after final judgment. *See In re Northwestern Mut. Life Ins. Co.*, 703 P.2d 1314, 1317 (Colo.App.1985) (order appointing receiver appealable pursuant to rule, but party could still appeal order upon entry of final judgment). *See also* 9 J. Moore, B. Ward, and J. Lucas, *Moore's Federal Practice* ¶ 110.18 (2d ed. 1989).

■ A party may waive its right to arbitration by taking actions that are inconsistent with an arbitration provision. *Cordillera Corp. v. Heard*, 200 Colo. 72, 75, 612 P.2d 92, 94 (1980). However, in this case, the arbitration issue was reserved in the Torrezes' answer, trial data certificate and motion for new trial and Mountain Plains was therefore on notice of the Torrezes' objection. Under these circumstances, the Torrezes did not waive their right to arbitration by failing to appeal the denial of their motion to dismiss pursuant to section 13–22–221.

■ When an order compelling arbitration is issued pursuant to section 13–22–204, 6A C.R.S. (1986), the proper procedure is to stay the action pending completion of the arbitration process. Section 13–22–204(4).[4] A stay of the proceeding preserves Mountain Plains' right to foreclose on its mechanic's lien if it prevails in arbitration. We therefore reverse that part of the court of appeals decision that directs the trial court to dismiss the action.

The trial court improperly placed the burden to initiate arbitration on the Torrezes. The court of appeals correctly reversed the trial court's order denying the motion which requested arbitration and dismissal. However, the court of appeals erred by directing the trial court to dismiss the case on remand. Accordingly, we affirm in part, reverse in part, and return this case

to the court of appeals with directions to remand to the trial court with instructions to stay the mechanic's lien foreclosure action until the arbitrable issues are determined in an arbitration proceeding.

---

**3.** Section 13–22–221(1)(a) provides that "[a]n appeal may be taken from ... [a]n order denying an application to compel arbitration made under section 13–22–204."

**4.** Section 13–22–204(4) provides "[a]ny action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application thereof has been made under this section, or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay."