**ASSOCIATED NATURAL GAS, INC., a Colorado corporation, Plaintiff–Appellee,**

v.

**NORDIC PETROLEUMS, INC., a Colorado corporation, Defendant–Appellant.**

No. 89CA0062.

Colorado Court of Appeals, Div. IV.

Sept. 13, 1990.

Rehearing Denied Nov. 15, 1990.

Certiorari Denied March 25, 1991.

Vinton, Slivka & Panasci, Richard P. Slivka, Patrick D. Vellone, Denver, Burk & Kimmell, Eugene S. Burk, Thomas J. Kimmell, Englewood, for plaintiff-appellee.

Jensen Byrne Parsons Ruh & Tilton P.C., Edward O. Byrne, James C. Ruh, John V. McDermott, Denver, for defendant-appellant.

Opinion by Judge RULAND.

Defendant, Nordic Petroleums, Inc., appeals an order determining that certain issues were subject to arbitration and from a judgment affirming an arbitration award in favor of plaintiff, Associated Natural Gas, Inc. (ANGI). We affirm.

In 1982, Nordic and ANGI entered into an agreement captioned "Facilitating and Revenue Sharing Agreement" which contemplated that Nordic would receive a perpetual interest in certain revenues generated from processing natural gas. The Facilitating Agreement also contemplated that a supplemental agreement would be executed pursuant to which Nordic would sell gas to ANGI. The Facilitating Agreement contained an arbitration clause.

In 1983, Nordic entered into the supplemental agreement contemplated by the Facilitating Agreement with Natural Gas Associates. The supplemental agreement did not contain an arbitration clause. However, the instrument included an integration clause that rendered "null and void" all prior agreements between the same parties relating to the same subject matter.

After the supplemental agreement was signed, certain disputes arose as to the rights of the parties. ANGI took the posi-

tion that the integration clause foreclosed arbitration of these disputes.

Nordic then filed a demand for arbitration and ANGI filed its complaint in the trial court pursuant to § 13–22–204(2), C.R.S. (1987 Repl. Vol. 6A). This provision authorizes the trial court to stay an arbitration proceeding if an applicant establishes that there is no agreement to arbitrate.

Following an evidentiary hearing, the trial court entered an order determining that all disputes between the parties arising before the date of the supplemental agreement were subject to arbitration but that any other disputes were not.

Nordic then requested leave of court for the parties to submit briefs on the issue of what specific claims should be arbitrated. Following submission of briefs, the trial court modified its earlier order and, based on the language contained in certain paragraphs of the Facilitating Agreement, it determined that all issues between the parties were subject to arbitration. However, certain provisions of the court's order appeared to address the legal merit of the conflicting interpretations of the two agreements by the parties. Accordingly, ANGI filed a motion seeking clarification of the court's order.

After considering briefs submitted by the parties, the court entered an order clarifying its prior order and determining that the correct interpretation and legal effect of the two agreements was strictly an issue for resolution in arbitration. The court determined that its sole function in the dispute was to determine whether the Facilitating Agreement was susceptible of a construction which would permit arbitration and that this was the only issue resolved by its orders.

The various disputes between the parties were submitted to arbitration and the issues were resolved in favor of ANGI. The trial court then entered judgment confirming the arbitration award.

Nordic contends that the trial court erred in modifying its order in response to ANGI's motion and that, as a result, the judgment confirming the arbitration award should be reversed. Nordic bases this contention upon several legal theories.

First, Nordic argues that ANGI waived any right to seek clarification of the court's order by filing its complaint under § 13–22–204(2) and by requiring Nordic to litigate the issue of whether any disputes between the parties were arbitrable. In the alternative, Nordic argues that ANGI was estopped for these same reasons from seeking modification of the trial court's order. Finally, Nordic contends that the trial court lacked jurisdiction to modify its order relative to the scope of the arbitration. We find no merit in these contentions.

■ We recognize that the right to request arbitration can be waived under certain circumstances by initiating litigation. *See Red Sky Homeowners Ass'n v. Heritage Co.*, 701 P.2d 603 (Colo.App.1984). However, we hold that by filing an application to stay arbitration under § 13–22–204(2), an unsuccessful party does not waive the right to seek clarification as to the issues which may be arbitrated.

■ Arbitration of the merits of a dispute is favored. *See Cordillera Corp. v. Heard*, 200 Colo. 72, 612 P.2d 92 (1980). Application of the concept of waiver urged by Nordic would defeat that policy by precluding an unsuccessful party proceeding pursuant to § 13–22–204(2), from seeking, in the alternative, to define properly the scope of any arbitration. This is also a function committed to the trial court and one each party should be entitled to address. *See Lawrence Street Partners, Ltd. v. Lawrence Street Ventures*, 786 P.2d 508 (Colo.App.1989).

For the same reason, we reject Nordic's contention that ANGI was estopped to seek clarification as to the issues which could be arbitrated under the agreements.

■ Finally, we find no merit in Nordic's contention that the trial court lacked jurisdiction to clarify further its order relative to the scope of the arbitration. An order compelling parties to arbitrate is not appealable and thus is interlocutory in nature. *See Frontier Materials, Inc. v. Boulder,*

663 P.2d 1065 (Colo.App.1983); *see also Songer v. Bowman,* 804 P.2d 261 (Colo. App.1990). Therefore, the court retained jurisdiction prior to the commencement of the arbitration proceeding to resolve any issues relative to whether an issue was subject to arbitration.

The order and judgment are affirmed.

TURSI and REED, JJ., concur.