523 P.2d 155 (1974)
Philip BARDA and Sylvia Barda, Plaintiffs-Appellants,
v.
Clois H. GUTHRIE, D.O., Defendant-Appellee.
No. 73-135.
Colorado Court of Appeals, Div. I.
April 16, 1974.
Rehearing Denied May 7, 1974.
Certiorari Granted July 1, 1974.
*156 Feldman & Homyak, Michael R. Homyak, Denver, for plaintiffs-appellants.
Hoffman & McDermott, Gerald P. McDermott, Denver, for defendant-appellee.
Selected for Official Publication.
RULAND, Judge.
Plaintiffs, husband and wife, appeal from a judgment dismissing their complaint. We reverse.
Plaintiffs filed their complaint to recover damages for alleged negligence by defendant in failing to advise plaintiff Philip Barda of the consequences of certain surgery, alleged battery, and loss of consortium resulting therefrom. The complaint contained a request for trial by jury on all issues. In response to the complaint, defendant filed a motion to dismiss on the basis that the court lacked jurisdiction of the subject matter and the complaint failed to state a claim because plaintiffs, under a contract signed by Philip, were obligated to arbitrate their claim. Plaintiffs claimed the contract was invalid because there was no meeting of the minds and no consideration for the agreement to arbitrate.
The trial court heard evidence from both parties relative to the motion for dismissal. The record reflects that defendant uses a form in his office which all patients are required to complete and sign prior to receiving treatment. Approximately the top portion of the form has numerous blank spaces for insertion of information concerning the patient. The bottom portion of the form under the heading "Treatment and Arbitration Agreement" contains an agreement by defendant to provide medical care to the best of his skill and knowledge, an obligation for the patient to cooperate, and an agreement by the patient to pay all fees in full as billed or as provided by special arrangement. This form further provides in the concluding paragraph:
"In the event of any controversy between the PATIENT or a dependent (whether or not a minor) or the heirsat-law or personal representative of a PATIENT, as the case may be, and the ATTENDING PHYSICIAN (including its agents and employees), involving in a claim in tort or contractual, the same shall be submitted to binding arbitration...."
*157 The document calls for the signature of the patient, and was signed in this case by plaintiff Philip Barda. The form is not signed by defendant, although his name appears in printing at the top of the form.
In support of their position that there was no meeting of the minds and that Philip did not voluntarily consent to arbitrate, thus making the arbitration agreement invalid, plaintiffs presented evidence to show: (1) Philip was born in the Ukraine, lacked formal education, and was unable to read or write English words; and (2) defendant knew of plaintiff's difficulty with the English language and yet neither defendant nor his employees explained the form to Philip. Defendant introduced evidence to the effect that plaintiff Sylvia Barda speaks English with clarity, was present and assisted Philip in completing the form, and Philip was thereby cognizant of the nature and effect of the commitment to arbitrate.
Following the presentation of evidence, the trial court concluded that regardless of whether plaintiffs or defendant had the burden of proof on this issue, no evidence was presented which convinced the trial court that Philip did not know what he was doing when he signed the form in question. The trial court therefore ruled that arbitration was a condition precedent to filing a civil action for judicial determination of plaintiffs' claim and dismissed the complaint. Plaintiffs contend that the trial court's ruling was error, asserting, inter alia, that this issue must be resolved by the jury. We agree.
When the parties' written agreement contains an arbitration clause, arbitration is a condition precedent to any judicial relief for breach of contract. Zahn v. District Court, 169 Colo. 405, 457 P. 2d 387. However, assertion of the obligation to arbitrate is an affirmative defense. C.R.C.P. 8(c); see United States v. Commercial Union Insurance Group, D. C., 294 F.Supp. 768; Karno-Smith Co. v. School District, D.C., 44 F.Supp. 860. Although it is permissible to raise certain affirmative defenses such as failure to arbitrate by motion to dismiss for failure to state a claim, pursuant to C.R.C.P. 12(b), if resolution of the motion requires, and the trial court admits evidence of factual material outside the complaint (as in the case before us), then the motion must be treated as one for summary judgment. C. R.C.P. 12(b) and (c); Saunders v. Bankston, 31 Colo.App. 551, 506 P.2d 1253; see 5 C. Wright & A. Miller, Federal Practice & Procedure § 1277. As a motion for summary judgment, the motion should have been denied when it became apparent that there were disputed issues of fact relating to the affirmative defense of arbitration, and the issues must be resolved at a trial on the merits by the jury which plaintiffs requested in this case. C.R.C.P. 38. See Miller v. Shell Oil Co., 345 F.2d 891 (10th Cir.).
The judgment is therefore reversed and the cause remanded with instructions to reinstate the complaint and for further proceedings not inconsistent with the views herein expressed.
SILVERSTEIN, C. J., and SMITH, J., concur.