Alice I. SANDEFER, Plaintiff–Appellant,

v.

REYNOLDS SECURITIES, INC., a Delaware Corporation, and John J. Fleming, Defendants–Appellees.

No. 79CA0988.

Colorado Court of Appeals, Div. I.

May 29, 1980.

Rehearing Denied July 31, 1980.

Certiorari Denied Oct. 6, 1980.

Head, Moye, Carver & Ray, John F. Head, Karen C. Gehlhausen, Denver, for plaintiff–appellant.

Ireland, Stapleton & Pryor, P.C., William G. Imig, Diane J. Acker, Denver, for defendants–appellees.

KELLY, Judge.

Alice Sandefer instituted this action against Reynolds Securities, Inc., an investment brokerage firm, and John J. Fleming, a registered representative of that firm, alleging several claims for relief arising out of transactions covered by the Colorado Securities Act. The trial court granted the defendants' motion to dismiss, finding that it lacked subject matter jurisdiction because of compulsory arbitration provisions in the contracts executed by the parties. On appeal, Sandefer argues among other things, that under § 11–51–125(7), C.R.S. 1973, arbitration agreements between brokers and investors are unenforceable. We agree and reverse.

Section 11–51–125(7) provides that "[a]ny condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this article or any rule or order under this article is void." Although Colorado courts have never determined whether agreements to arbitrate future controversies between a customer and a broker are invalid under this statutory subsection, the quoted language is virtually identical to that of 15 U.S.C. § 77n. The United States Supreme Court has held that § 77n renders compulsory customer–broker arbitration agreements unenforceable as applied to disputes arising under the Securities and Exchange Act of 1933. *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953).

Where the provisions and purposes of our statute parallel those of a federal enactment, federal authorities are highly persuasive. *Lowery v. Ford Hill Investment Co.*, 192 Colo. 125, 556 P.2d 1201 (1976). We adopt the reasoning of *Wilko* that, while arbitration is strongly favored as a method of resolving disputes, *see Ellis v. Rocky Mountain Empire Sports, Inc.*, Colo.App., 602 P.2d 895 (1979), the subsection of the Colorado Securities Act invalidating provisions waiving investors' rights under the Act applies to waiver of judicial trial and review. *See Wilko v. Swan, supra.*

Here, Sandefer alleged the violation of § 11–51–125(1), C.R.S. 1973, which incorporates within it a provision for a judicial remedy. The arbitration agreement of the contract was an attempt to waive compliance with this subsection. Under § 11–51–125(7), C.R.S. 1973, such an attempted waiver is void.

In view of the conclusions we have reached, it is not necessary to consider the other assignments of error.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

COYTE and SMITH, JJ., concur.