RED SKY HOMEOWNERS ASSOCIA-TION, a Colorado non-profit organiza-tion; and Brendan Faust; Christy Burns; Stan Ferguson and Lynn Myers, as representatives of the class of Red Sky Condominium Homeowners, Plaintiffs-Appellees,

v.

The HERITAGE COMPANY, a limited partnership, Defendant-Appellant,

v.

DONALD H. GODI & ASSOCIATES, INC., Third-Party Defendant-Appellee.

No. 83CA1160.

Colorado Court of Appeals, Div. III.

Aug. 16, 1984.

Rehearing Denied Sept. 27, 1984.

Podoll & Podoll, Richard B. Podoll, Den-ver, for plaintiffs-appellees.

Cogswell & Wehrle, Robert P. Manning, John M. Cogswell, Jeremy M. Bernstein, Denver, for defendant-appellant.

Johnson & Reed, Raymond C. Johnson, Lakewood, for third-party defendant-appellee.

KELLY, Judge.

Defendant, The Heritage Company, appeals from a final order of the trial court which denied its motion to compel plaintiff Red Sky Homeowners Association to arbitrate the claims of damages allegedly resulting from defective construction at the Red Sky Project. The trial court found that Heritage was not an "owner" as contemplated by the Red Sky Homeowners Declaration and, thus, not entitled to invoke the arbitration agreement contained therein. *See* § 13–22–221(1)(a), C.R.S. (1983 Cum.Supp.). We affirm.

It is unnecessary to reach the question whether Heritage is an owner since, based upon the undisputed facts, we conclude as a matter of law that any claimed right Heritage may have had to arbitration has been waived. *See Cordillera Corp. v. Heard,* 41 Colo.App. 537, 592 P.2d 12 (1978), *aff'd,* 200 Colo. 72, 612 P.2d 92 (1980).

■ Although the public policy of this state favors arbitration and disfavors waivers, so long as the intent to waive is clear, the right to arbitrate, as any other contractual right, may be waived. *See Cordillera Corp. v. Heard, supra.* Where a defendant seeks to compel arbitration after answering a complaint, the right to arbitrate will be deemed waived if he has acted inconsistently with it and prejudice would accrue to the other parties. *See Cordillera Corp. v. Heard,* 200 Colo. 72, 612 P.2d 92 (1980).

■ Here, Heritage allowed three years to pass between the time it answered the Association's claims and the time when it sought to compel arbitration. During that period, Heritage manifested an intent to litigate by filing motions, conducting discovery, and utilizing judicial resources. Such actions are not consistent with an intent to arbitrate.

In addition, Heritage joined several third party defendants who are not subject to arbitration. These claims could not be resolved until completion of the arbitration. Meanwhile, the alleged construction defects remain. Considering these circumstances, we conclude that if arbitration were ordered at this late date, Heritage's delay and litigious acts would prejudice the remaining parties. *See Duo Metal & Iron Works, Inc. v. S.T.C. Construction Co.,* 472 F.Supp. 1023 (E.D.Penn.1979).

Donald H. Godi & Associates, Inc., is dismissed from this appeal.

■ Both the Association and Godi seek double costs, damages under C.A.R. 38(d), and reasonable attorneys' fees on the ground that this appeal is frivolous. We agree that such sanctions are proper here. Delay was the only purpose for this appeal.

The order is affirmed and the cause is remanded to the trial court with directions to conduct further proceedings and to enter an order for costs, damages, and reasonable attorneys' fees to be assessed against Heritage and in favor of Donald H. Godi & Associates, Inc., and Red Sky Homeowners Association.

TURSI and METZGER, JJ., concur.