698 P.2d 250 (1985)
Edmond S. SAGER, Petitioner,
v.
The DISTRICT COURT for the SECOND JUDICIAL DISTRICT of the State of Colorado and the Honorable Gilbert A. Alexander, one of the Judges thereof, Respondents.
No. 84SA302.
Supreme Court of Colorado, En Banc.
April 15, 1985.
*251 Kelly, Stansfield & O'Donnell, Timothy J. Flanagan, Charles Carpenter, Denver, for petitioner.
Berenbaum & Weinshienk, Peter R. Bornstein, Denver, for respondents.
ROVIRA, Justice.
The petitioner, Edmond S. Sager, filed this original proceeding under C.A.R. 21 for relief in the nature of mandamus. He challenges as an abuse of discretion the trial court's order granting a stay of judicial proceedings pending arbitration. We issued a rule to show cause and now discharge the rule.
In 1983, the petitioner filed suit for compensatory and punitive damages in the Denver District Court against Smith Barney, Harris Upham & Company (Smith Barney), a securities broker, and its employee, Gilbert R. Hitchcock. The complaint alleged that the petitioner was a resident of Colorado, Smith Barney was a Delaware corporation authorized to do business in Colorado, and Hitchcock was a New Mexico resident. It also stated three claims for relief. The first was for breach of fiduciary duty; the second for professional negligence; and the third for violation of the Colorado Securities Act of 1981, section 11-51-101 to -129, 4 C.R.S. (1984 Supp.).
The defendants, prior to filing an answer, moved for an order staying the proceedings pending arbitration of the dispute between the parties. In support of the motion, the defendants relied on the Customer's Agreement signed by the petitioner, which provided in pertinent part:
Any controversy arising out of or relating to my account, to transactions with you for me to this Agreement or the breach thereof, shall be settled by arbitration in accordance with the rules, regulations, and procedures then in effect of the New York Stock Exchange, Inc., the Amex or National Association of Securities Dealers, Inc. as I may elect. If I do not make such election by registered mail, postage prepaid and addressed to you at your main office within five days after demand by you that I make such election, then you may make such election. Judgment upon any award rendered by the arbitrators may be entered in any court having jurisdiction thereof.
The respondent trial court initially entered a stay pending arbitration, but later reconsidered that order and, based upon Sandefer v. Reynolds Securities, Inc., 44 Colo.App. 343, 618 P.2d 690 (1980), reversed *252 its ruling and ordered the defendants to file an answer.
The defendants then petitioned this court, pursuant to C.A.R. 21, for a rule to show cause, alleging that the trial court had abused its discretion in not ordering a stay of proceedings pending arbitration. We denied the petition "without prejudice to request the trial court to reconsider in light of Southland Corp. v. Keating, ___ U.S. ___, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984)."
The respondent trial court, after considering Southland, reversed its prior ruling and ordered that "this case shall be held in abeyance and stayed pending arbitration between the parties."

I.
In Sandefer v. Reynolds Securities, Inc., 44 Colo.App. 343, 618 P.2d 690 (1980), cert. denied, October 6, 1980, the court of appeals held that arbitration agreements between brokers and investors are void as applied to claims arising under the Colorado Securities Act. It arrived at this decision by adopting the rationale of Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). In Wilko, the Supreme Court held that section 14 of the Securities Act of 1933 (the Act)[1] rendered customer-broker arbitration agreements unenforceable as applied to disputes arising under section 12(2)[2] of the Act. The rationale of Wilko was adopted because the language of the statute in question, section 11-51-125(7), 4 C.R.S. (1973),[3] was virtually identical to that of section 14 of the Act.
In Sandefer v. District Court, 635 P.2d 547 (Colo.1981), we considered whether nonstatutory claims may be submitted to arbitration under an agreement to arbitrate disputes when the nonstatutory claims are part of a complaint alleging a violation of the Colorado Securities Act. Adopting the doctrine of intertwining, we concluded that the claims of breach of fiduciary duty, fraud, and violation of the Colorado Securities Act were so interconnected that the trial court should decide all of the claims.
The case at issue involves substantially the same questions which were considered in the two Sandefer cases. Here, two nonstatutory claims for relief have been joined with a claim alleging violation of the Colorado Securities Act of 1981. Absent any intervening decision of the United States Supreme Court, we would expect the trial court to follow the decision of the court of appeals in Sandefer v. Reynolds Securities, Inc., and hold that the Colorado securities claim was not arbitrable. Also, based on Sandefer v. District Court, we would expect it to determine whether the statutory and nonstatutory claims were so intertwined that they should all be decided together, or whether the nonstatutory claims should be decided by arbitration and the securities claim reserved for judicial resolution.
However, since the Sandefer decisions, the United States Supreme Court has promulgated two opinions which must be considered, Southland Corp. v. Keating, ___ U.S. ___, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984), and Dean Witter Reynolds, Inc. v. Byrd, ___ U.S. ___, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).
In Southland, the Court considered whether the California Franchise Investment Law (the Franchise Law),[4] which invalidates certain arbitration agreements covered by the Federal Arbitration Act (the *253 Arbitration Act), violates the Supremacy Clause, U.S. Const. art. VI, cl. 2. In that case, several franchisees brought suit against Southland alleging, inter alia, fraud, misrepresentation, and violation of the disclosure requirements of the Franchise Law. Southland petitioned to compel arbitration of all the claims based upon the franchise agreement which required that any controversy or claim arising out of the agreement "shall be settled by arbitration." The trial court granted the motion with the exception of those claims based on the Franchise Law. The California Supreme Court affirmed, holding that claims asserted under the Franchise Law were not subject to arbitration because of California Corporations Code section 31512 (part of the Franchise Law),[5] and that the statute did not contravene section 2 of the Federal Arbitration Act, 9 U.S.C. § 2 (1982).[6]Keating v. Superior Court, 31 Cal.3d 584, 645 P.2d 1192, 183 Cal.Rptr. 360 (1982).
The California Supreme Court compared the nonwaiver provision of section 14 of the Securities Act of 1933 with the nonwaiver provision of the Franchise Law and concluded that "the California legislature intended the nonwaiver provision of the California Franchise Act to be interpreted in accord with Wilko v. Swan." 31 Cal.3d at 599, 645 P.2d at 1200, 183 Cal.Rptr. at 368. It also concluded that, although the Arbitration Act contains certain principles of substantive federal law which must be applied regardless of the forum where federal jurisdiction exists, such principles are not "so unyielding as to require enforcement of an agreement to arbitrate a dispute over the application of a regulatory statute which a state legislature in conformity with analogous federal policy has decided should be left to judicial enforcement." 31 Cal.3d at 604, 645 P.2d at 1203-04, 183 Cal.Rptr. at 371-72.
The United States Supreme Court, in a divided opinion, rejected the California Supreme Court's analysis. Noting that the Arbitration Act rests on the authority of Congress to enact substantive rules under the Commerce Clause, it held the underlying issue of arbitrability to be a question of substantive federal law, and therefore federal law governs in either state or federal courts. In creating such a substantive rule, it determined that "Congress intended to foreclose state legislative attempts to undercut the enforceability of arbitration agreements." 104 S.Ct. at 860. Further, it disposed of the California Supreme Court's attempt to draw an analogy between section 31512 of the Franchise Law and section 14 of the Securities Act of 1933 by stating: "The question in Wilko [v. Swan] was not whether a state legislature could create an exception to § 2 of the Arbitration Act, but rather whether Congress, in subsequently enacting the Securities Act, had in fact created such an exception." 104 S.Ct. at 860 n. 11. The court then reversed that part of the judgment which denied enforcement of the arbitration agreement as to claims asserted under the Franchise Law.
Petitioner argues that Southland is not applicable here because there is no federal counterpart to the Franchise Law, whereas section 14 of the Securities Act of 1933 is almost identical with section 11-51-125(10), 4 C.R.S. (1984 Supp.). From this premise he contends that, since it is well established by Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), that the Arbitration Act is "overridden" by section 14 of the Securities Act of 1933, the comparable *254 state statute also overrides the federal act.[7] He further argues that, since section 18 of the Securities Act of 1933, 15 U.S.C. § 77 r (1982), provides for concurrent state regulation in the field of securities law, complementary state legislation such as the Colorado Securities Act is authorized, and reflects the intent of Congress to modify the Arbitration Act in both federal and state securities regulation.
Petitioner's argument is not without logic and, in light of our opinion in Sandefer v. District Court, and that of the court of appeals in Sandefer v. Reynolds Securities, Inc., would carry the day. However, we believe that Southland along with another recent decision of the Supreme Court, Dean Witter Reynolds, Inc. v. Byrd, ___ U.S. ___, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), mandates a reconsideration of the views expressed in both Sandefer cases.
In Southland the Court emphasized that arbitration clauses are favored in the law and that states do not have the power to exempt cases from the Arbitration Act:
In enacting § 2 of the [F]ederal [Arbitration] Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agree to resolve by arbitration.
104 S.Ct. at 858.
Thus, even though the nonwaiver provision in the Colorado Securities Act is almost identical to the nonwaiver provision of the Securities Act of 1933, Wilko is not applicable since it dealt with Congress' power to override one federal statute with another. Here we are dealing with the state's power to enact a statute which overrides a federal statute. Although section 18 of the Securities Act of 1933 provides for concurrent state regulation of securities law, it does not authorize a state to create an exception to the Arbitration Act. See Kroog v. Mait, 712 F.2d 1148 (7th Cir.1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1001, 79 L.Ed.2d 233 (1984). A reading of Southland at both the state court and Supreme Court levels demonstrates that the petitioner's arguments in this case were not overlooked by the Supreme Court. See Southland Corp. v. Keating, ___ U.S. ___, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984) (Stevens, J., concurring in part and dissenting in part); Keating v. Superior Court, 31 Cal.3d 584, 645 P.2d 1192, 183 Cal.Rptr. 360 (1982). The Arbitration Act is part of the federal substantive law, Prima Paint Corp. v. Flood & Conklin Manufacturing Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), and, thus, under the Supremacy Clause, U.S. Const. art. VI, cl. 2, any conflicting state statute is void.
Furthermore, if there were any doubts about the view of the Supreme Court concerning the applicability of the Arbitration Act in securities cases, they were laid to rest in Dean Witter. In Dean Witter the Supreme Court considered whether, when a complaint raises both federal securities claims and pendent state claims, a federal district court may deny a motion to compel arbitration of the state law claims despite the parties' agreement to arbitrate their disputes. The trial court denied a motion requesting that the state claims be arbitrated, and to stay arbitration pending resolution of the federal court action. The Court of Appeals for the Ninth Circuit affirmed. 726 F.2d 552 (9th Cir.1984).
In a unanimous opinion, the Supreme Court reversed. It held that the Arbitration Act requires federal district courts to compel arbitration of pendent arbitrable claims when one of the parties requests it, and that a stay of arbitration proceedings pending resolution of the federal securities claim in the federal court is not necessary to protect the federal interest. Thus, the court reemphasized the strength and *255 breadth of the Arbitration Act and the importance of arbitration as a national policy.
We conclude, albeit reluctantly, that the trial court was correct in its conclusion that Southland is controlling. A nonwaiver provision in a state securities law is at odds with section 2 of the Arbitration Act, and thus is void under the Supremacy Clause. See Kroog v. Mait, 712 F.2d 1148 (7th Cir.1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1001, 79 L.Ed.2d 233 (1984); Garmo v. Dean, Witter, Reynolds, Inc., 101 Wash.2d 585, 681 P.2d 253 (1984); contra Oppenheimer & Co. v. Young, 456 So.2d 1175 (Fla.1984), vacated, ___ U.S. ___, 105 S.Ct. 1830, 84 L.Ed.2d ___ (1985). Sandefer v. District Court, 635 P.2d 547 (Colo. 1981), and Sandefer v. Reynolds Securities, Inc., 44 Colo.App. 343, 618 P.2d 690 (1980), are overruled to the extent inconsistent with this opinion.
The rule to show cause is discharged.
NOTES
[1] 15 U.S.C. § 77 n (1982). This section states: "Any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this subchapter or of the rules and regulations of the Commission shall be void."
[2] 15 U.S.C. § 77 l(2) (1982).
[3] This provision has been recodified as section 11-51-125(10) by the Colorado Securities Act of 1981.

Ch. 119, sec. 1, § 11-51-125(10), 1981 Colo.Sess. Laws 632, 654-55. It provides that "[a]ny condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this article or any rule or order under this article is void."
[4] Cal.Corp.Code §§ 31000 to 31516 (West 1977).
[5] Section 31512 provides: "Any condition, stipulation or provision purporting to bind any person acquiring any franchise to waive compliance with any provision of this law or any rule or order hereunder is void." Cal.Corp.Code § 31512 (West 1977).
[6] Section 2 of the Federal Arbitration Act, 9 U.S.C. § 2 (1982), provides:

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract.
[7] In his reply brief, the petitioner argues that the Customer Agreement is a contract of adhesion, that the arbitration clause was deceptively included in the Customer Agreement without proper disclosure, and that it is therefore rendered unenforceable by section 11-51-123(1), 4 C.R.S. (1984 Supp.). This issue was not presented for review in the Petition for Writ in the Nature of Mandamus, and we decline to consider it.