Ralph D. NORDEN, Plaintiff-Appellee,

v.

E.F. HUTTON & COMPANY, INC., Peter W. Casey, Yates Snowden Williams, and Douglas G. Green, Defendants-Appellants.

No. 85CA1512.

Colorado Court of Appeals, Div. II.

May 7, 1987.

St. Clair & Rolle, Alexander F. Rolle, Denver, for plaintiff-appellee.

Roath & Brega, P.C., Stuart N. Bennett, Gregory C. Tevis, Mark J. Appleton, Denver, for defendants-appellants.

TURSI, Judge.

The defendants, E.F. Hutton & Company, Peter W. Casey, Yates Snowden Williams, and Douglas G. Green, appeal the trial court's order denying their motion to compel arbitration. They contend that the trial court committed reversible error by finding they had waived their right to arbitrate the claims of plaintiff, Ralph D. Norden. We affirm.

In January 1985, plaintiff filed his complaint asserting the defendants had mismanaged the securities account he maintained with E.F. Hutton & Co. The defendants answered in March and asserted the affirmative defense of an arbitration agreement between the parties.

The customer's agreement that plaintiff had executed stated he agreed to arbitrate any controversy relating to his securities account. However, at the time of the complaint and answer, our holding in *Sandefer v. Reynolds Securities, Inc.*, 44 Colo.App. 343, 618 P.2d 690 (1980) was applicable to the effect that arbitration agreements of this type were void under § 11–51–125(1) & (7), C.R.S. (as it existed at the time).

One month after the answers were filed, our supreme court overruled *Sandefer*, finding the state statute was void under the supremacy clause since it conflicted with the federal arbitration act. *Sager v. District Court*, 698 P.2d 250 (Colo.1985). Therefore, the arbitration clause the plaintiff had executed became legally enforceable.

Nevertheless, the defendants continued to pursue a course of litigation after they were aware of *Sager* and the enforceability of the arbitration clause. They deposed the plaintiff and participated in a discovery hearing at which they confirmed their intention to go to trial in five weeks.

At the hearing, the trial court ordered the defendants to comply with certain discovery orders. Following the hearing, the defendants indicated to the plaintiff, that other than the discovery already ordered by the court, they would provide no further materials or documents. The defendants then filed their motion to compel arbitration that same day. The trial court denied the defendants' arbitration motion ruling that, under the circumstances, they had knowingly waived their right to arbitrate.

■ The trial court's order is appealable pursuant to § 13–22–221(1)(a), C.R.S. (1986 Cum.Supp.) which provides the right to appeal the denial of a motion to compel arbitration. *Cf. Monatt v. Pioneer Astro Industries, Inc.*, 42 Colo.App. 265, 592 P.2d

1352 (1979). However, the defendants maintain further that we can review *de novo* whether they waived their right to arbitrate. They cite our opinion in *Cordillera Corp. v. Heard,* 41 Colo.App. 537, 592 P.2d 12 (1978), *aff'd,* 200 Colo. 72, 612 P.2d 92 (1980) to support their contention that if the facts are undisputed, the waiver issue becomes a matter of law and the reviewing court is not bound by the trial court's finding. However, here, whether the defendants' pursuit of litigation manifested their intent to waive the arbitration clause, is a factual determination to be made by the trial court. *Cordillera Corp. v. Heard, supra* (Colo.). And, since there is support in the record for the trial court ruling, we will not disturb it on appeal. *See Dominion Insurance Co. v. Hart,* 178 Colo. 451, 498 P.2d 1138 (1972).

In this regard, defendants assert the trial court finding of waiver cannot be sustained because there was no showing that they voluntarily relinquished their right to arbitration. We are not persuaded.

A defendant's right to arbitrate will be deemed waived if he has acted inconsistently with it and prejudice would accrue to the other parties. *Red Sky Homeowners Ass'n v. Heritage Co.,* 701 P.2d 603 (Colo. App.1984). *See Cordillera Corp. v. Heard, supra* (Colo.). Here, the defendants acted inconsistently with their right to arbitrate by pursuing discovery and confirming in open court their intention to go to trial after they knew they had a legally enforceable arbitration clause. The plaintiff was prejudiced by the defendants' actions since the defendants had completed their discovery while the plaintiff had not. The advantage the defendants gained by judicial discovery is sufficient prejudice to infer waiver of their right to arbitrate. *Carcich v. Rederi A/B Nordie,* 389 F.2d 692 (2nd Cir.1968).

Since the trial court's factual determination is supported by evidence in the record, we conclude it should not be set aside on review.

Judgment affirmed.

SMITH and BABCOCK, JJ., concur.