**Thomas C. BASHOR,**
**Plaintiff–Appellant,**

v.

**BACHE HALSEY STUART SHIELDS, INC., n/k/a Prudential–Bache Securities, a Delaware corporation; E.F. Hutton and Company, Inc., a Delaware corporation; and Lawrence Jaro, Defendants–Appellees.**

**No. 86CA1528.**

Colorado Court of Appeals,
Div. II.

Sept. 22, 1988.

Rehearing Denied Jan. 19, 1989.

Certiorari Denied May 15, 1989.

Davis & Ceriani, P.C., Gary J. Ceriani, Michael P. Cillo, Denver, for plaintiff-appellant.

Roath & Brega, P.C., Charles F. Brega, David W. Stark, Penny Rodeen Bertelsen, Denver, for defendant-appellee Prudential–Bache Securities, Inc.

Kutak Rock & Campbell (Deanna E. Hickman, on the brief), Richard S. Bayer, Denver, for defendant-appellee E.F. Hutton & Co. Inc.

Jensen, Byrne, Parsons & Ruh, P.C., James C. Ruh, Denver, for defendant-appellee Lawrence Jaro.

SMITH, Judge.

Thomas C. Bashor appeals the order compelling arbitration of his claims against defendants as well as the order in essence confirming the arbitrator's award. We reverse both orders and remand for a trial on the merits.

Bashor contends that defendants waived their contractual right to arbitration by failing timely to assert such right and by engaging in acts inconsistent with the arbitration clauses. He further asserts that he was prejudiced by such conduct. We agree.

The arbitration clause at issue here was contained in a standard form customer agreement executed by Bashor in connection with an account he established with defendant Jaro, who was an account representative and employee initially at Bache Halsey Stuart Shields Inc. (Bache), which was later acquired by Prudential–Bache Securities. Jaro subsequently left the employ of Bache and became employed by E.F. Hutton and Company, Inc. (Hutton).

Bashor's initial complaints against the defendants, severally, alleged causes of action based upon breach of fiduciary duty, outrageous conduct, and violation of various state and federal securities laws. All

but the first two claims were dismissed by the trial court. Bashor then filed an Amended Complaint which alleged breach of fiduciary duty, outrageous conduct, professional negligence, and a claim of racketeering under the Colorado Organized Crime Control Act (COCCA), § 18–17–103, et seq., C.R.S. (1986 Repl.Vol. 8B). The COCCA claim was dismissed by the court on defendants' motions; however, the court granted Bashor leave to replead a claim setting forth a theory under COCCA and an additional claim in fraud.

Subsequently, Bashor filed a Second Amended Complaint essentially alleging the same causes of action, but adding a claim for fraud and statutory theft. Finally, the theft claim and revised COCCA claim were summarily dismissed by the court, again on defendants' motions. Defendants answered and also counterclaimed for attorney fees based on Bashor's filing of a groundless and frivolous claim.

The arbitration panel found in favor of defendants on all issues. The district court denied Bashor's motion to vacate such order, and this appeal followed.

## I.

■ Although public policy favors arbitration, a contractual right to arbitrate may nevertheless be waived, *Cordillera Corp. v. Heard,* 200 Colo. 72, 612 P.2d 92 (1980). Where facts are undisputed, the waiver issue becomes one of law and the reviewing court is not bound by the trial court's findings. *Norden v. E.F. Hutton & Co.,* 739 P.2d 914 (Colo.App.1987).

■ Here, defendants' failure to assert in their answers the affirmative defense of the right to arbitrate, *see Barda v. Guthrie,* 34 Colo.App. 1, 523 P.2d 155 (1974), *rev'd on other grounds,* 188 Colo. 124, 533 P.2d 487 (1975), is an act which may be deemed a waiver of the right to have the dispute resolved by arbitration. *See Duke v. Pickett,* 168 Colo. 215, 451 P.2d 288 (1969); *see also Maxey v. Jefferson County School District No. R–1,* 158 Colo. 583, 408 P.2d 970 (1965).

■ In addition to their failure timely and affirmatively to plead the right to arbitration, we conclude that defendants' actions and their participation in the preparatory trial proceedings were also sufficiently inconsistent with arbitration so as to constitute a waiver of that right. *See Cordillera Corp. v. Heard, supra; see also Norden v. E.F. Hutton & Co., supra; Red Sky Homeowner's Ass'n v. Heritage Co.,* 701 P.2d 603 (Colo.App.1984).

The record reflects that defendants actively participated in, and completed pretrial discovery, including numerous depositions of Bashor, his bankers, physician, and psychiatrist, while they also resisted his attempt to depose members of their organizations. Defendants' argument that such discovery was merely "defensive" is not persuasive.

Even after the court had dismissed Bashor's last arguably non-arbitrable COCCA claim, defendant, Bache, filed a motion to compel discovery and defendants failed to object to a resetting of the case for a jury trial. It was not until four months after the court orally dismissed the revised COCCA claim that defendants even sought to compel arbitration. The advantage defendants gained by judicial discovery not available to them in arbitration proceedings constitutes sufficient prejudice to plaintiff to infer waiver of defendants' right to require arbitration. *See Norden v. E.F. Hutton & Co., supra.*

## II.

■ Defendants argue that they did not seek to compel arbitration because such request would have been refused. Asserting that Bashor's various complaints, as amended, included both arbitrable and non-arbitrable claims which arose out of the same factual situation and therefore, would have been found inextricably intertwined, they contend that a request for arbitration would have been futile. We are not persuaded by this argument.

It is undisputed that defendants failed to assert their right to arbitration contemporaneously with their motions to dismiss these non-arbitrable claims.

Moreover, defendants made no attempt immediately to demand enforcement of the arbitration clauses, *see Reid Burton Construction, Inc. v. Carpenters District Council*, 614 F.2d 698 (10th Cir.1980), *cert. denied*, 449 U.S. 824, 101 S.Ct. 85, 66 L.Ed.2d 27 (1980), even after the trial court first dismissed the non-arbitrable claims. Defendants' responsibility to do so was not excused merely because the court granted Bashor leave to attempt to replead such claims.

Even though our supreme court's opinion in *Sager v. District Court*, 698 P.2d 250 (Colo.1985), based on *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), had not then been announced, controlling federal law dictated that an arbitration agreement should be enforced, upon request, even if arbitration would result in bifurcated proceedings. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Since such federal law is substantive, it controls in both state and federal court. *Southland Corp. v. Keating*, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). Hence, defendants were not entitled to assume that a request for arbitration would be refused and must accept the consequences of their failure to pursue that defense to Bashor's action.

We need not address Bashor's other contentions of error.

Accordingly, both the order compelling arbitration and the judgment affirming the arbitration award are reversed and the cause is remanded for further proceedings consistent herewith.

MARQUEZ, J., concurs.

## ON PETITIONS FOR REHEARING
## PETITIONS DENIED

METZGER, Judge, dissenting from the denial of the petitions for rehearing.

I would grant the petitions for rehearing and, therefore, withdraw my concurrence in the original opinion.

The majority concludes that the defendants waived their contractual right to arbitration both as a matter of law and as a matter of fact. In my view, the law and the facts here compel a different result.

## I.

The controlling law in effect when this case was pending would have caused any request for arbitration to be denied. For well over a year, plaintiff's complaint asserted both arbitrable and non-arbitrable claims. The alleged violations of federal securities laws were not arbitrable, *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953); the alleged violations of state securities laws were not arbitrable, *Sandefer v. District Court*, 635 P.2d 547 (Colo.1981); and the alleged racketeering claims were not arbitrable. *See S.A. Mineracao Da Trindade–Samitri v. Utah International, Inc.*, 576 F.Supp. 566 (S.D.N.Y.1983), *aff'd on other grounds*, 745 F.2d 190 (2d Cir.1984). Thus, during the pendency of these claims, any request for arbitration would have been futile.

However, the majority concludes that arbitration, if requested, would have been allowed as a result of the holding in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). I disagree.

The unique facts in that case make it distinguishable from the issues here, and render its holding inapposite. *Moses* stands only for the proposition that, if there are two defendants, and only one defendant has an arbitration agreement with the plaintiff, the arbitration agreement must be enforced with respect to that defendant, "notwithstanding the presence of other persons who are parties to the underlying dispute." In this case, all defendants had an arbitration agreement with the plaintiff; therefore, the intertwining doctrine announced in *Wilko v. Swan, supra*, and *Sandefer v. District Court, supra*, controlled, and any request for arbitration would have been futile, as a matter of law.

## II.

The majority also concludes that the fact of defendants' participation in pretrial discovery constituted a waiver of arbitration as a matter of law. Again, I disagree.

A defendant's right to arbitrate will be deemed waived if he has acted inconsistently with it and prejudice would accrue to the other parties. *Red Sky Homeowners Ass'n v. Heritage Co.*, 701 P.2d 603 (Colo. App.1984). The majority relies on *Norden v. E.F. Hutton & Co.*, 739 P.2d 914 (Colo. App.1987) for the assertion that the issue of waiver is a matter of law. That proposition is true only if the facts are undisputed. *See Cordillera Corp. v. Heard*, 41 Colo. App. 537, 592 P.2d 12 (1978), *aff'd*, 200 Colo. 72, 612 P.2d 92 (1980). However, the court in *Norden* went on to not that: "[W]hether the defendants' pursuit of litigation manifested their intent to waive the arbitration clause, is a factual determination to be made by the trial court." Thus, where intent is an issue, the issue remains one of fact, and we should defer to the trial court's findings in that regard. *Cordillera Corp. v. Heard, supra.*

The record discloses that both plaintiff and defendants engaged in extensive discovery from the filing of the initial complaints in early 1983 until the fall of 1984, when the second amended complaint contained only non-arbitrable claims. In my view, until the plaintiff's claims were properly postured, all parties were entitled to engage in discovery, and these activities did not constitute a waiver of the right to assert arbitration.

Defendants filed motions to stay the trial proceedings and invoked the arbitration clause in early 1985. I believe the waiver issue should be analyzed by examining the activities of the parties between the fall of 1984 and early 1985, the only time period when arbitration was available as a matter of law. The record indicates that both sides conducted discovery during that brief period.

The trial court made, in essence, a finding of fact that the defendants' actions during those few months did not manifest an intent to waive arbitration. Since that factual determination is supported by the record, it should not be overturned on appeal. *Cordillera Corp. v. Heard, supra.*

Moreover, the plaintiff's only assertion relative to being prejudiced by defendants is that defendants engaged in discovery during this time. However, since plaintiff also engaged in discovery during that time, no prejudice has been shown. *See Norden v. E.F. Hutton & Co., supra.*

Consequently, I would affirm the trial court's order requiring arbitration and would further affirm the order confirming the arbitration decision.