■ BRUCE M. MEISEL, Individually and as a Partner in 15 AND 19 WEST 55TH STREET REALTY COMPANY, Respondent-Appellant, v FANNY GRUNBERG et al., Appellants-Respondents.— Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered January 9, 1990, which denied defendants' motion to stay this action pending arbitration, unanimously affirmed, without costs.

Order of the same court, entered July 2, 1990, which denied defendant's motion to renew and reargue and granted plaintiff's cross motion for a preliminary injunction to the extent that the defendants were directed to pay market rental on the two apartments which they use, charge the lowest going rate for management services which shall be equal to 7½% of the annual gross income of the partnership, and make good-faith efforts to fill apartment vacancies, unanimously modified, on the law, to deny the cross motion for a preliminary injunction and otherwise affirmed, without costs.

The litigation concerns two adjoining apartment buildings on West 55th Street. The plaintiff entered into a partnership agreement with the defendant and her late husband in 1976. Plaintiff has a 30% interest and the defendants a 70% interest. The partnership agreement provides that the business and affairs of the partnership shall be managed by the defendants and further provides for arbitration of disputes.

The defendants live in an apartment in one of the buildings and have an office in the other and paid rent below the market value for both units and allegedly paid themselves high management fees. Some of the residential units have been transformed for commercial use. There are vacant apartments which the plaintiff now desires to have rented, although the defendants are keeping them vacant for possible commercial use and/or co-oping or sale. Plaintiff desired to participate in planning but the defendants did not seek his

advice. This action was commenced in 1988 seeking an accounting and that defendants be surcharged for the vacancies, their own below-market rentals, etc.

In 1989, the defendant husband died leaving his wife as the remaining managing partner. Plaintiff's motion to amend the complaint to add a prayer for dissolution of the partnership was granted. The defendant's cross motion for a stay pending arbitration was denied because, as the record demonstrates, there was active participation in the litigation and submission to the judicial process which effectively waived the defendant's right to arbitration of the controversy. *(Sherrill v Grayco Bldrs.,* 64 NY2d 261.) The amended complaint being substantially identical to the original complaint, the defendant's right to arbitrate was not revived by the filing thereof. *(See, Roggio v Nationwide Mut. Ins. Co.,* 66 NY2d 260.) This is not to say that arbitration would not be preferable in the circumstances here involved, but it has not been demanded by the plaintiff and the defendant's participation in litigation has now foreclosed it as a matter of right.

We deny the preliminary injunction because there is no showing of irreparable injury. The defendant's interest in the buildings will suffice to make the plaintiff whole in the event the plaintiff is successful and damages are established. Moreover, by agreement, the defendants were given management responsibilities and it cannot be said, as a matter of law, that the defendant's conclusions with respect to vacancies are not valid. As to the damage aspects, a trial will establish the amounts that may be involved. Concur—Kupferman, J. P., Carro, Asch and Wallach, JJ.