Jose A. **PADILLA**, Plaintiff–Appellee,

v.

**D.E. FREY & COMPANY, INC.,
D.E. Frey Group, Inc., and Dale
E. Frey, Defendants–Appellants.**

No. 96CA0616.

Colorado Court of Appeals,
Div. II.

April 3, 1997.

Rehearing Denied May 8, 1997.

Berryhill, Cage & North, P.C., Jack W. Berryhill, Lori A. Drew, Denver, for Plaintiff–Appellee.

Brega & Winters, P.C., Charles F. Brega, Wesley B. Howard, Denver, for Defendants–Appellants.

Opinion by Judge TAUBMAN.

Defendants, Dale E. Frey, D.E. Frey & Co., Inc., and D.E. Frey & Company Group, Inc., (the Frey parties) appeal from a judgment entered upon an arbitration award of the National Association of Securities Dealers (NASD) in favor of plaintiff, Jose A. Padilla. We affirm.

Padilla commenced an action in district court against the Frey parties asserting claims of breach of employment contract, wrongful discharge, defamation, and outrageous conduct. However, the Frey parties moved to dismiss the complaint and to compel arbitration by the NASD. They asserted that Padilla had signed a form which required the dispute be arbitrated. The trial court did not dismiss the action but granted the request for arbitration of all of the claims asserted.

A panel of NASD arbitrators awarded Padilla $1 million, consisting of $612,018 in compensatory damages, $78,660 in interest thereon, $91,154 in attorney fees, and $218,168 in punitive damages. The district court subsequently confirmed the award and entered judgment on it.

The Frey parties filed a post-trial motion to amend the judgment. However, the trial court did not consider the merits of the motion because it ruled that it had been untimely filed.

## I.

At the outset, we reject Padilla's claim that the Frey parties' notice of appeal is untimely and, therefore, that this court lacks jurisdiction over this matter. More specifically, we agree with the Frey parties that the time for filing the notice was extended by the filing of the post-trial motion, and therefore, the notice of appeal was timely filed.

As one basis for the timeliness of their appeal, the Frey parties contend that C.R.C.P. 58(a) requires that the court mail a copy to each party and, since the trial court acted contrary to the rule in sending notice only to Padilla with instructions to send a copy to the Frey parties, the 15 days provided by C.R.C.P. 59(a) should not commence until Padilla mailed a copy to them. We agree with this assertion.

C.R.C.P. 58(a) provides, in pertinent part, that the effective date of entry of judgment shall be the actual date of the signing of the written judgment and, whenever a court signs a judgment and a party is not present when it is signed, a copy of the signed judgment must be immediately mailed by the court, pursuant to C.R.C.P. 5, to each absent party who has previously appeared. *See In re Marriage of Forsberg*, 783 P.2d 283 (Colo. 1989); C.R.C.P. 5(b) (service on represented party may be effected by mailing to attorney).

C.R.C.P. 59(a) states, in pertinent part, that within 15 days of entry of judgment as provided in C.R.C.P. 58, a party may move for post-trial relief and, if notice of the entry of judgment is transmitted to the parties by mail, the time for the filing of any motion for post-trial relief shall commence from the date of the mailing of the notice.

Here, the following facts are undisputed: The trial court signed the judgment confirming the arbitration award on February 7, 1996. On February 8, 1996, in apparent contravention of C.R.C.P. 58(a), which requires that the court mail a copy of the signed judgment to each absent party, the trial court mailed a copy of the signed judgment only to Padilla's counsel with directions to mail a copy thereof to the Frey parties' counsel. The trial court did not direct Padilla's counsel to file a certificate of service indicating the date on which the judgment was mailed to opposing counsel. Therefore, the earliest date on which Padilla could have mailed a copy of the judgment to the Frey parties is February 9, 1996. The Frey parties' counsel received a copy of the judgment on February 12, 1996, and filed a C.R.C.P. 59 motion on Monday, February 26, 1996.

Under the circumstances here in which the court mailed a copy only to Padilla's counsel, if the 15–day period provided in C.R.C.P. 59(a) is deemed to commence on February 8, 1996, the date of the trial court's mailing, the Frey parties' post-trial motion was not timely filed. However, if the period is deemed to commence on February 9, 1996, the earliest date on which Padilla could have mailed a copy of the judgment to the Frey parties, the post-trial motion was within the period. *See* C.R.C.P. 6(a) (computation of any period of time prescribed by the rules of civil procedure).

We hold that, if notice of entry of a judgment is transmitted to only one party by mail in contravention of C.R.C.P. 58(a), the time provided by C.R.C.P. 59(a) for the filing of a post-trial motion commences from the date that the notice is mailed by that party to the party subsequently moving for post-trial relief.

A contrary holding would not comport with the intent of C.R.C.P. 59(a), i.e., that the time for the filing of any motion for post-trial relief shall commence from the date of the mailing of the notice to the party seeking to file the motion. *See Chateau Chaumont Condominium Ass'n v. Aspen Title Co.,* 676 P.2d 1246 (Colo.App.1983) (where trial court signed judgment prepared by defendant's counsel but did not mail it to plaintiff's coun-

sel, time for plaintiff to file motion for new trial did not begin to run, and trial court had jurisdiction to extend time for filing such motion); *see also Poor v. District Court,* 190 Colo. 433, 549 P.2d 756 (1976) (where one party prepares written order at the direction of the trial court, but order is not mailed to other party, time to appeal does not begin to run until the date of mailing of notice of judgment to both parties).

■ Thus, under the circumstances at issue, the Frey parties had 15 days from the earliest date that the copy of the signed judgment could have been mailed to them by Padilla, i.e., February 9, 1996, to file their post-trial motion and, therefore, the motion was timely. Accordingly, the notice of this appeal was also timely because the time for filing it was extended by the C.R.C.P. 59 motion.

II.

■ The Frey parties contend also that the judgment entered by the trial court upon the arbitrators' award should be amended to eliminate any award of punitive damages because Colorado law prohibits arbitrators from awarding punitive damages. We disagree.

In Colorado, punitive damages are available pursuant to statute upon claims such as those presented here. *Ballow v. PHICO Insurance Co.,* 878 P.2d 672 (Colo.1994).

Section 13–21–102(5), C.R.S. (1987 Repl. Vol. 6A) provides, in pertinent part, that, "unless otherwise provided by law," exemplary damages shall not be awarded in arbitration proceedings even if the award is enforced or approved in an action commenced in a court. Section 13–22–214(1)(a)(III), C.R.S. (1987 Repl.Vol. 6A) of the Uniform Arbitration Act provides that the court shall vacate an award when arbitrators have exceeded their powers.

■ However, a party may waive its right to arbitration by taking actions that are inconsistent with an arbitration provision. *Mountain Plains Constructors, Inc. v. Torrez,* 785 P.2d 928 (Colo.1990). A defendant's right to arbitrate will be deemed waived if he

or she has acted inconsistently with that right and prejudice will accrue to the other parties. *Norden v. E.F. Hutton & Co.*, 739 P.2d 914 (Colo.App.1987).

■ Further, statutory rights may be waived so long as the waiver is performed voluntarily. *People v. Bergen*, 883 P.2d 532 (Colo.App.1994). Therefore, we conclude that a party may waive its right not to have an issue arbitrated.

Here, Padilla brought suit against the Frey parties in the district court. Although the employment agreement did not provide for arbitration, the Frey parties moved for a court order compelling arbitration of the claims. In doing so, they argued that Padilla had signed a Uniform Application for Securities Industry Registration or Transfer Form and thereby agreed to arbitrate any claim under the rules of the NASD as provided by its code of arbitration procedure and that, therefore, he was required to do so.

NASD's code of arbitration procedure permits arbitrators to award "damages and other relief." Here, when Padilla filed a statement of claim with the arbitrators which included a request for punitive damages, in response the Frey parties in their statement did not challenge his right to recover punitive damages through arbitration proceedings or seek to bring the proceedings within the Colorado Arbitration Act. Rather, the Frey parties signed a Uniform Submission Agreement in which they agreed that the arbitration proceedings would be conducted in accordance with the NASD code of arbitration procedure.

The parties had entered into an employment agreement which provided, in pertinent part, that all matters pertaining to the agreement "in whatever jurisdiction action may be brought, shall be governed by the laws of the State of Colorado applicable to contracts made and to be wholly performed in Colorado."

The trial court noted the limitation in the employment agreement concerning Colorado contract law but also noted that the parties' agreement to arbitrate contained in the securities industry form was not so limited. Further, only one of the seven claims brought by Padilla before the NASD invoked Colorado's substantive law of contracts.

Here, because the Frey parties sought an order from the district court compelling arbitration and did not challenge Padilla's right to recover punitive damages through the arbitration proceedings, we conclude that the Frey parties waived their statutory right to be free from an arbitral award of punitive damages.

We find support for our conclusion in *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995). There, a similar dispute arose out of a contract which expressly provided that it would be governed by the laws of New York, a state which does not allow arbitrators to award punitive damages, and provided that any controversy arising out of the transactions between the parties would be settled by arbitration in accordance with the rules of the NASD. As here, the contract contained no express reference to punitive damages but the NASD's code of arbitration procedure permitted arbitrators to award "damages and other relief."

The Supreme Court explained that the "best way to harmonize the choice-of-law provision with the arbitration provision is to read 'the laws of the State of New York' to encompass substantive principles that New York courts would apply, but not to include special rules limiting the authority of arbitrators." *Mastrobuono v. Shearson Lehman Hutton, Inc., supra,* 514 U.S. at ——, 115 S.Ct. at 1219, 131 L.Ed.2d at 88. Thus, it held that the choice-of-law provision covered the rights and duties of the parties while the arbitration clause covered arbitration, and therefore, it upheld an arbitral award which included punitive damages as within the scope of the parties' agreement.

### III.

■ The Frey parties next contend that the judgment based upon an arbitration award of punitive damages violates their right to due process because the arbitration process fails to provide adequate procedural protections to ensure that such awards are reasonable. We disagree.

Relying on *Honda Motor Co. v. Oberg*, 512 U.S. 415, 114 S.Ct. 2331, 129 L.Ed.2d 336 (1994), the Frey parties contend that the arbitrator's award of punitive damages may

not be committed to their unreviewable discretion. That case, however, is distinguishable. In *Honda*, the Supreme Court held that an award of punitive damages which is committed to the unreviewable discretion of a jury violates due process. Here, in contrast, because the Frey parties not only agreed to arbitrate their disputes, but insisted upon arbitration, they cannot now complain that the arbitration process provides insufficient due process protections. *See Jeppsen v. Piper, Jaffray & Hopwood, Inc.,* 879 F.Supp. 1130 (D.Utah 1995).

Further, the Frey parties do not contend that the arbitrators failed to assure them of the basic requisites of procedural due process: notice, opportunity to be heard, and impartial decision makers. *See Todd Shipyards Corp. v. Cunard Line, Ltd.,* 943 F.2d 1056 (9th Cir.1991).

In reality, defendants' basis for challenging the award of punitive damages would apply equally to an assertion that any other component of a damages award is similarly infirm because arbitrators are not bound by the rules of evidence, procedural law, or substantive law. Hence, it is not persuasive.

Judgment affirmed.

CRISWELL and MARQUEZ, JJ., concur.