David WALDMAN and Jillian Waldman, Plaintiffs–Appellees,

v.

OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, Defendant–Appellant,

and

Tom Moore, Defendant.

No. 99CA0615.

Colorado Court of Appeals, Div. II.

March 30, 2000.

Certiorari Denied Oct. 23, 2000.

Bradley A. Stephenson, P.C., Bradley Allen Stephenson, Boulder, Colorado, for Plaintiffs–Appellees

Welborn Sullivan Meck & Tooley, P.C., William R. Rapson, Stephen A. Bain, Denver, Colorado, for Defendant–Appellant

No Appearance for Defendant Tom Moore

Opinion by Judge DAILEY.

In this action for declaratory relief and damages arising out of the issuance of a title insurance policy, defendant, Old Republic National Title Insurance Company, appeals an order denying its motion to dismiss or compel arbitration. We affirm.

Plaintiffs, David Waldman and Jillian Waldman, commenced this action against defendant in Boulder District Court. Plaintiffs alleged that defendant issued a title insurance policy on a parcel of property plaintiffs purchased and that the policy and commitments failed to inform plaintiffs of an annexation agreement that prevented subdivision of a portion of the property.

Defendant, a Minnesota corporation, removed the action to federal district court based upon complete diversity of citizenship. Defendant filed an answer in the federal court action and conducted discovery. Several months later, plaintiffs filed an amended complaint naming their previous attorney as an additional defendant and adding claims for legal malpractice and breach of contract against the attorney.

In response to the amended complaint, defendant, citing an arbitration provision in the title insurance policy, filed a motion to dismiss, or in the alternative, to refer the matter to arbitration. Before ruling on that motion, the federal court remanded the case to state court because plaintiffs' inclusion of the attorney as an additional defendant had destroyed diversity jurisdiction.

Upon remand to state court, defendant renewed its motion to dismiss based upon the arbitration clause. The trial court denied the motion after determining that defendant had waived its right to seek arbitration. Defen-

dant then commenced this appeal pursuant to § 13–22–221(1)(a), C.R.S.1999.

## I.

Defendant contends that the trial court erred in concluding that it waived its right to arbitrate. We disagree.

■ In Colorado, arbitration is a favored method of dispute resolution, and our constitution, our statutes, and our case law all support agreements to arbitrate. *Peterman v. State Farm Mutual Automobile Insurance Co.*, 961 P.2d 487 (Colo.1998). However, just as with other contractual rights, the right to arbitration can be waived. *See Mountain Plains Constructors, Inc. v. Torrez*, 785 P.2d 928 (Colo.1990).

■ "A party may waive the right to arbitration by taking actions inconsistent with such right in circumstances where prejudice will accrue to other parties." *Peterman v. State Farm Mutual Automobile Insurance Co., supra*, 961 P.2d at 493. *See also Klein v. State Farm Mutual Automobile Insurance Co.*, 948 P.2d 43 (Colo.App.1997). Whether there has been a waiver depends upon the facts and circumstances of each case. *See City & County of Denver v. District Court*, 939 P.2d 1353 (Colo.1997).

In *City & County of Denver v. District Court, supra*, the supreme court set forth the following six-factor test a court should apply to determine whether a party has waived the right to invoke alternative dispute resolution: (1) whether the party has actually participated in the lawsuit or has taken other action inconsistent with his rights; (2) whether litigation has substantially progressed by the time the intention to arbitrate was communicated by the party moving to dismiss; (3) whether there has been a long delay in seeking a stay and whether the defendant filed counterclaims without asking for a stay; (4) whether a request to compel arbitration was initiated close to trial; (5) whether the party seeking arbitration has taken unfair advantage of discovery proceedings which would not have been available in arbitration; and (6) whether the other party was affected, misled, or prejudiced by the delay.

■ Here, defendant clearly did participate in the lawsuit. Instead of invoking its right to arbitrate, defendant removed the action to federal court and, once in that forum, filed an answer to the complaint without asserting its right to arbitrate as an affirmative defense. *See Bashor v. Bache Halsey Stuart Shields, Inc.*, 773 P.2d 578 (Colo.App.1988) (failure to assert affirmative defense of the right to arbitrate is act that may be deemed waiver). Furthermore, it appears that defendant had additional opportunities to request arbitration but failed to do so. Indeed, defendant conceded that it "was initially willing to waive arbitration while the case was in federal court and in fact proceeded on that basis."

Although the trial date in federal court was still some ten months away when defendant finally sought to invoke arbitration, the case had been pending for more than six months, and defendant had already conducted substantial discovery. This discovery included depositions of both plaintiffs, requests for production of documents, a request for admission, and two inspections of the property.

Defendant's discovery resulted in prejudice to the plaintiffs because it caused them to expend time and money in the litigation process. *See Singer v. Dean Witter Reynolds Inc.*, 614 F.Supp. 1141 (D.Mass.1985) (defendants waived right to arbitrate claims where, for nine months after complaint was filed, they continually sought to employ machinery available in the district court to defend and resolve the dispute and never mentioned the possibility or prospect of arbitration during active period of discovery); see also *Bashor v. Bache Halsey Stuart Shields, Inc., supra*, (advantage defendants gained by judicial discovery not available to them in arbitration proceedings constitutes sufficient prejudice to plaintiff to infer waiver of defendants' right to require arbitration).

Defendant asserts that plaintiffs suffered no prejudice because the discovery conducted would also have been available in an arbitration proceeding. However, had the parties arbitrated the matter, discovery would only have been allowed at the arbitrator's discretion. The arbitration rules governing plain-

tiffs' claim merely provided that the arbitrator "may" order discovery of evidence upon the request of a party and upon a determination that the request is reasonable and necessary.

Defendant also points to the fact that, once the case was remanded to state court, it immediately filed its motion seeking to compel arbitration. At that point, however, plaintiffs had already been prejudiced by defendant's decision to remove the action to federal court, conduct discovery, and otherwise litigate the action for more than six months.

After considering the factors set forth in *City & County of Denver v. District Court,* we conclude that the trial court correctly determined that plaintiffs had met their burden of establishing defendant's waiver of its right to arbitrate.

## II.

■ We further conclude that defendant's waiver remained effective despite plaintiffs' filing of the amended complaint and the resulting remand of the case to state court.

Defendant contends that any prior waiver that may have occurred was rendered ineffective when plaintiffs amended their complaint to add claims against their attorney. Defendant argues that it suddenly faced increased exposure because (1) it was now back in state court as a non-resident defendant; (2) the other defendant was an attorney, and this factor could potentially cause jury antagonism; and (3) the amended complaint sought recovery from both defendants jointly and severally.

Some courts have determined that a previously waived right to arbitrate may be revived based upon changed circumstances. *See Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.,* 50 F.3d 388 (7th Cir. 1995) (recognizing that waiver of arbitration may be rescinded based upon changed circumstances). However, those changed circumstances typically involve an alteration or amendment to claims asserted against the party which waived its arbitration rights. *See Envirex, Inc. v. K.H. Schussler Fur Umwelttechnik GMBH,* 832 F.Supp. 1293 (E.D.Wis.1993) (amended complaints adding new theory supporting fraud count and new claim for breach of warranty rejuvenated defendant's right to demand arbitration); *Design Benefit Plans, Inc. v. Enright,* 940 F.Supp. 200 (N.D.Ill.1996) (counterclaim significantly altered the nature of the litigation and operated to rejuvenate the right to demand arbitration).

In contrast, here, the claims asserted against defendant in the amended complaint are identical to the claims in plaintiff's original complaint. *See Meisel v. Grunberg,* 169 A.D.2d 675, 565 N.Y.S.2d 53 (1991) (amended complaint being substantially identical to the original complaint, the defendant's right to arbitrate was not revived by its filing). Moreover, at the time defendant chose to remove the action to federal court, it was not unforeseeable that plaintiffs could add an additional defendant and thereby destroy diversity jurisdiction. Finally, although the amended complaint does seek imposition of joint and several liability, we fail to see how defendant could be responsible for the attorney's conduct, and defendant did not explain how its actual exposure has increased.

In our view, these "changed circumstances" were not so significant or unforeseeable as to render ineffective defendant's prior waiver of its right to arbitrate this matter. *See Gilmore v. Shearson/American Express, Inc.,* 811 F.2d 108 (2d Cir.1987) (minor factual changes in amended complaint not altering the scope or theory of the plaintiffs' claim did not warrant revival of arbitration right); *Owens & Minor Medical, Inc. v. Innovative Marketing and Distribution Services, Inc.,* 711 So.2d 176 (Fla.App.1998) (counterclaim did not significantly alter the scope and nature of the litigation, such that it revived a previously waived right to demand arbitration).

The order is affirmed.

Judge PLANK and Judge DAVIDSON concur.